Brooks W. Chandler, Esq.
State Bar No. 8310109
BOYD, CHANDLER & FALCONER, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY,<br><br>　　　　　　　　　　Plaintiffs<br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY OF AMERICA<br><br>　　　　　　　　　　Defendants. | Case No. A05-153 CV (TMB) |

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT ARBITRATOR

### INTRODUCTION

The Defendants agreed to arbitrate all remaining issues in this case, but now seek to renege on this agreement for reasons not explained to Plaintiffs. Plaintiffs seek appointment of an arbitrator and an order requiring the arbitrator to determine all remaining issues in this matter.

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
lf.bc.acc.electronicpldgs.arbitrator.041106f

1

## FACTS

This is an insurance coverage declaratory judgment action.[1]  On or about April 28, 2005, American Civil Constructors West Coast Inc. ("ACC") and MRC Holdings Inc. f/k/a Hurlen Construction Company ("Hurlen") filed a complaint in state court. The complaint seeks a declaration that Defendants Zurich American Insurance Company ("Zurich") and Travelers Indemnity Company of America ("Travelers") were required to provide and pay for defense of a claim asserted by the City of Homer against Hurlen and ACC for property damage to a dock constructed by Plaintiffs in Homer ("the Homer Claim").  Complaint para. 12-14.  The matter was subsequently removed to this Court.

Travelers had, at the time of the Complaint, and continues today to deny any obligation to have provided Hurlen or ACC a defense.  On or about October 17, 2005, Defendant Zurich accepted defense under a reservation of rights.  Exhibit 1, pp. 2-3. Under Alaska law, once coverage was provided subject to a reservation, Zurich was required to allow Plaintiffs to defend using counsel of their choosing and to pay for at least that portion of the defense related to claims for which coverage rights had been reserved.  See, AS 21.89.100(c).   AS 21.89.100(d) requires disputes about defense fees of the independent counsel to be "resolved by arbitration under AS 09.43".  Id.

---

[1] For a more comprehensive statement of the background facts to the dispute see Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment. pp.2-9.

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
lf.bc.acc.electronicpldgs.arbitrator.041106f

2

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

On or about December 23, 2005, Hurlen, ACC Zurich and Travelers settled claims related to the duty to indemnify. All parties contributed funds to settle the Homer Claim. Exhibit 2[2]. The partial settlement agreement provides:

> claims against the Carriers for payment of the defense costs related to the Homer claim (including costs incurred by the Insureds in Safeco's third-party action) through the date of settlement with the City of Homer, whether based on an alleged breach of the duty to defend or improper allocation of costs between covered and non-covered claims shall be reserved by the Insureds (the "Reserved Claims").

Ex. 2, p. 2. Thus, all claims and defenses related to the duty to defend the Homer Claim were reserved at the time of partial settlement.

The settlement agreement requires the Reserved Claims to be resolved by arbitration:

> 4. The parties agree to the following procedure for resolution of the Reserved Claims:
>
> (a) On or before January 31, 2006, the Insureds shall provide the Carriers with the actual bills as received for the defense of the City of Homer claim through the date of settlement with the City of Homer for which the Insureds seek reimbursement as Reserved Claims. The Insureds will also provide proof of payment as to all Reserved Claims.
>
> (b) On or before February 17, 2006, counsel for the Carriers and counsel for the Insureds shall confer with regard to the bills produced for the Reserved Claims and identify disputed defense costs.
>
> (c) If the Carriers and Insureds are unable to reach agreement on disputed defense costs by March 3, 2006, the Carriers and Insureds shall

---

[2] Portions of the Partial Settlement not relevant to this motion have been redacted from Exhibit 2. Affidavit of Brooks W. Chandler, para 3.

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
lf.bc.acc.electronicpldgs.arbitrator.041106f

3

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

confer on that date as to an arbitration in accordance with AS 21.89.100. Ex. 2 p.2, para. 4.

The parties were unable to reach an agreement on disputed defense costs by March 3, 2006. Affidavit of Brooks W. Chandler, para. 5. Accordingly, the parties moved towards arbitration of the Reserved Claims. Each side listed four potential arbitrators. Each side struck two from the others list. It was anticipated that the remaining four names would be submitted to the court, but one arbitrator on each side had conflicts. Exhibit 3. Travelers proposed adding names. Plaintiffs proposed simply submitting two names to the court. Exhibit 4. Since Plaintiff proposed submitting two names, Plaintiffs have learned that attorney Quinn is <u>currently</u> representing Zurich. Exhibit 5, Affidavit of Brooks W. Chandler. This motion submits the name of William Bankston to the court for appointment. Mr. Bankston is the only arbitrator originally listed by the parties without a conflict. His resume is enclosed. Exhibit 6. It is unknown if Defendants object to this approach since they have not extended Plaintiffs the courtesy of a response to the March 31 inquiry or returned phone calls on this subject. Affidavit of Brooks W. Chandler, para 6.

While the arbitration selection process moved forward, Zurich maintained not all issues related to the Reserved Claims were required to be arbitrated. On March 31, 2006, counsel requested a written explanation of Zurich's position and reasoning.

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
lf.bc.acc.electronicpldgs.arbitrator.041106f

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

Exhibit 4. As of April 11, 2006, no explanation either in writing or otherwise has been provided. Affidavit of Brooks W. Chandler, para 6.

## ARGUMENT

A. <u>All Reserved Claims Must be Arbitrated</u>.

Under the terms of the Partial Settlement Agreement, Travelers and Zurich specifically agreed to arbitrate unresolved Reserved Claims. That agreement incorporated AS 21.89.100(d) by reference. AS 21.89.100(d) indicates an arbitration is to be conducted pursuant to AS 9.43.010, Alaska's version of the Uniform Arbitration Act. AS 9.43.020(a) requires a court to order arbitration upon a showing of a refusal of a party to arbitrate in accordance with an agreement requiring arbitration. Here, Zurich and Travelers, by failing to agree to arbitrate all claims and defenses related to the Reserved Claims, are failing to agree to arbitrate in accordance with the arbitration provisions of the partial settlement agreement. Under AS 9.43.020 (a), this Court can order arbitration of all claims and defenses related to the Reserved Claims.

Zurich can also be ordered to arbitrate under Alaska law even if there was no partial settlement agreement. Zurich provided coverage under a reservation of rights. Exhibit 1, pp. 2-3. Such situations are specifically addressed by AS 21.89.100. AS 21.89.100 (d) states "[a] dispute between the insurer and insured regarding attorney fees that is not resolved by the insurance policy or this section shall be resolved by arbitration under AS 09.43". Zurich currently disputes payment of fees incurred by the

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
lf.bc.acc.electronicpldgs.arbitrator.041106f

5

insured's independent counsel, Oles Morrison. Accordingly, under applicable law as well as the terms of the Partial Settlement Agreement, Zurich must participate in an arbitration to resolve this dispute. AS 21.89.100(d) does not limit the scope of the matters to be determined in such an arbitration.

Requiring arbitration of all remaining issues is consistent with AS 21.89.100 and the terms of the partial settlement agreement. Arbitration is favored by this Court as a matter of policy. LR 16.2(a). Alaska law also favors arbitration as a matter of policy. <u>University of Alaska v. Modern Construction, Inc.</u>, 522 P.2d 1132, 1139 (Alaska 1974).

    B.  <u>The Court Must Appoint an Arbitrator</u>.

AS 09.43.030 allows the court to appoint an arbitrator when no method of appointment is specified in an agreement. The partial settlement agreement does not specify a method for appointment of an arbitrator. The parties' previous attempts to select a list of arbitrators for the court has resulted in a single arbitrator clear of conflicts. Rather than go back to the drawing board to submit additional names, the court should appoint Mr. Bankston who is acceptable to both Plaintiffs and Defendants. His resumes is enclosed.

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
f.bc.acc.electronicpldgs.arbitrator.041106f

6

## CONCLUSION

The parties clearly agreed to arbitrate. That agreement included all claims and defenses related to Zurich's and Traveler's duty to pay for a defense of the Homer Claim. The agreement should be construed in accordance with the public policy favoring arbitration. Zurich and Travelers should be ordered to arbitrate all Reserved Claims. To avoid additional delay, the court should include appointment of Mr. Bankston as the arbitrator when arbitration is ordered.

Dated this 11th day of April, 2006.

s/Brooks W. Chandler
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, AK 99501
Telephone (907) 272-8401
Facsimile (907) 274-3698
E-Mail: bcf@bcf.us.com; bchandler@bcf.us.com
State Bar No. 8310109
Attorneys for Plaintiffs

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ARBITRATOR
lf.bc.acc.electronicpldgs.arbitrator.041106f

7