10/18/2005 TUE 13:12 [TX/RX NO 5199] @003
OCT. 13. 2005  2:24PM    9282722                                NO. 230    P. 4



**ZURICH**

October 13, 2005

Jody Randall
American Civil Constructors
225 Union Blvd, Suite 500
Lakewood, CO 80228

Zurich North America

Claims
P.O. Box 66965
Chicago, IL
60666-0965

Fax (866) 257-1205
http://www.zurichna.com

RE: <u>MRC Holdings, Inc., et al. v. City of Homer, et al. and related actions</u>
*Superior Court, State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-03-9770 Civil*
Insured:   American Civil Constructors [ACC]
Claim No.: 926 0021811
Policies:  GLO 3495305, effective 7/01/03-04
Date of Loss: (reported to be 7/1/03)

Dear Ms. Randall:

American Civil Constructors West Coast (ACC) has tendered a counterclaim filed against it by the City of Homer to Zurich Insurance, seeking defense and indemnification under the above-referenced Zurich policy which provided general liability coverage to ACC from 7/1/03 to 7/1/04. Zurich has reviewed its policy, as well as certain documents provided to it by ACC and provides this reservation of rights letter based on its knowledge of this claim to date. There are other documents which Zurich has requested from ACC that have not yet been produced. Review of those documents or ACC's failure to produce them may alter Zurich's coverage position on the City of Homer counterclaim. If that occurs, Zurich will advise you in writing.

In the course of investigating this claim for determination of its coverage position, Zurich was served with a declaratory judgment action. The named plaintiffs are American Civil Constructors West Coast, Inc. and MRC Holdings, Inc. f/k/a Hurlen Construction Company. It appears from the allegations of the complaint that MRC/Hurlen (MRC) is also now asserting a claim under Zurich's policy GLO 3495305-03 and GLO 3495305-02. MRC Holdings, Inc. and Hurlen were added as named insureds to these policies by endorsement.

Oct-18-2005 14:13   From-BURR PEASE & KURTZ   9072582530    T-285   P.003   F-091

EXHIBIT 1
PAGE 1 OF 4

October 13, 2005
Page 18

> The insured must do nothing after loss to
> impair them. At our request, the insured
> will bring "suit" or transfer those rights
> to us and help us enforce them.

Our understanding is that Tryck Nyman & Hayes and Shannon & Wilson were dismissed from this lawsuit before the City of Homer asserted its counterclaims against ACC. It appears a part of this deal also allowed Homer to amend its pleadings to assert counterclaims against ACC. Since we have not been provided with the mediation settlement agreement or other information on how decisions were made in the Homer litigation, we do not know the basis for these actions. We have been provided with some documentation that indicates that the engineers, most likely Tryck Nyman & Hayes, specified the wrong type of anti-corrosion coating for the project, and that is why the coating is now delaminating. If this is true, then ACC's agreement to dismiss the engineers without our consent violates this provision of the policy and could adversely impact coverage available to you under this policy. In addition, we do not know the terms under which MRC Holdings was dismissed from this action. We have no information on whether ACC has sought indemnification from MRC Holdings as provided for in the Assignment and Assumption Agreement.

At this time we are prepared to offer ACC a partial defense to the City of Homer's counterclaims under policies GLO 3495305-03 and 02. The defense is only for that portion of the counterclaim alleging that improper repair work was performed by your subcontractor, Dunkin and Bush and led to a loss on July 1, 2003, or after October 12, 2002. We are reserving our rights to deny indemnification for that part of the counterclaim, depending upon the outcome of our ongoing investigation and the declaratory judgment action. The other allegations against ACC in the counterclaim are excluded by the various policy provisions cited in this letter. There is no coverage for MRC Holdings or Hurlen under these policies because the claims against them are all excluded as "your work," "your product," or were known to MRC before the inception date of this policy, and/or were assumed in a contractual arrangement arising out of the sale of Hurlen to ACC. In addition, they were deliberately not disclosed to Zurich in the October 27, 2003 letter from ACC. Our investigation is not yet complete as additional information

EXHIBIT 1
PAGE 2 OF 4

October 13, 2005
Page 19

has been requested from you. The information obtained through additional investigation may require that we modify our coverage position. If that occurs, we will notify you in writing. This coverage assessment may also be modified by information uncovered during discovery in the declaratory judgment action MRC and ACC have filed against us.

Our understanding is that ACC is presently being defended in the Homer litigation by the law firm of Oles Morrison out of Seattle. It appears Oles Morrison is also acting as counsel for MRC Holdings. We do not have any information as to whether Oles Morrison was accepted or appointed by another insurer at this point. We assume they are the defense counsel of choice for ACC, since they initiated a lawsuit against Homer on behalf of both MRC and ACC.

Our partial defense is provided to ACC pursuant to AS 21.89.100. If you request, we can appoint counsel to defend those claims for which we are offering a partial defense. In the alternative, if you would like to have counsel of your choice continue to defend the entire lawsuit against you, we will pay those defense costs for that portion of the City of Homer's counterclaims against ACC alleging improper work by Dunkin and Bush only that gave rise to a claim on or about July 1, 2003, or after October 12, 2002. Our agreement to pay your defense counsel of choice to defend those counterclaims alleging improper workmanship by Dunkin and Bush is subject to the requirements of AS 21.89.100 including, but not limited to: the minimum experience requirement, the prevailing rate in the community requirement, and the detailed fee record allocation requirement.

Our investigation of this matter is continuing. This request for information set out in this letter is made in accordance with the terms and provisions of the policy, as well as AS 21.89.100. If you have additional information other than what we have requested which you believe we should consider in the context of our coverage analysis, please provide it to us. If you believe there are parts of this coverage assessment which are incorrect or misinterpret the information we have reviewed, please advise us. Any remaining dispute over the nature and scope of coverage will be resolved through the declaratory judgment action recently filed by MRC and ACC.

OCT. 13. 2005  2:33PM    9282722                                    NO. 230   P. 23

October 13, 2005
Page 20





Very truly yours,
Zurich American Insurance Company

*Jack Hilbert*

Jack Hilbert
Senior Claim Specialist
1-800-239-4829, ext. 8697
FAX 1-866-257-1205

c:   Paul F. Matejzel
     Gallagher Construction Services, Inc.
     paul.matejzel@ajg.com

c:   William Yearsley
     American Civil Constructors
     byearsley@acconstructors.com

EXHIBIT 1
PAGE 4 OF 4