David W. Pease, Esq.
BURR, PEASE & KURTZ
810 N Street
Anchorage, AK  99501-3293
Telephone:   (907) 276-6100
Fax No.:        (907) 258-2530

Attorneys for Defendant Zurich American Insurance Co.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY,<br><br>             Plaintiff(s),<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>             Defendant(s). | Case No. A05-153 CI (TMB)<br><br>[Originally Alaska Superior Court, Third Judicial District at Anchorage Case No. 3AN-05-7410 CI] |

**RESPONSE TO PLAINTIFFS' MOTION TO APPOINT ARBITRATOR**

Plaintiffs have presented the court with a single proposed candidate for arbitrator and requested that he be appointed as arbitrator of all matters that remain at issue between plaintiffs and their insurers.  Defendants do not object to the appointment of an arbitrator, but believe that the court should have two candidates to select from as was intended by the initial selection process employed by the parties in this case.  Defendants

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 1 of 8                                                                                                                1018-83/ # 83241

do not object to the arbitrator deciding the attorney's fees issue as provided for in AS 21.89.100, but that statute provides that the only matters to be arbitrated are those that are not resolved by the policy. There are remaining policy issues between the plaintiffs and the insurers that must be resolved by the court.

Selecting an Arbitrator

As is set out in plaintiffs' memorandum, the parties agreed to a process by which four names of potential arbitrators were selected by the insurers and four names were selected by the insureds. Each side then struck two names from the other's list. Of the remaining four candidates, at the outset, one candidate from each side indicated he would be unable to arbitrate this matter. That left one candidate from each side, Mr. Bankston and Mr. Quinn. When initially consulted about this matter, Mr. Quinn advised that he was not representing either of the insurers, but that his office did represent Zurich insureds. When he was later requested to provide a resume for submission to the court, Mr. Quinn advised that he was waiting for approval of a settlement where he had represented Zurich. This would disqualify Mr. Quinn as a candidate to arbitrate this matter.

This does not mean that Mr. Bankston is the only qualified candidate or that the insurers consented to the appointment of Mr. Bankston as arbitrator. Plaintiffs did not propose that the insurers select another candidate. Instead they filed a motion to have Mr. Bankston appointed arbitrator. The insurers believe the court should have two candidates from which to choose. In lieu of Mr. Quinn's name, the insurers submit Brian

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 2 of 8                                              1018-83/ # 83241

Doherty as the other candidate for arbitrator to be considered by the court.  A summary of his qualifications and experience is attached as Exhibit 1.

Mr. Bankston has experience as an arbitrator in construction and securities matters.  The matter presented for arbitration in this case is the attorney's fees that are recoverable by an insured under Alaska's CHI statute, AS 21.89.100.  The underlying case involved a construction dispute between the insureds and the City of Homer.  The construction dispute between the City of Homer and the insureds was resolved, with the insurers and at least one insured contributing to a settlement.  What remains before the court is resolution of a dispute over allowable defense costs as provided for in AS 21.89.100.  While Mr. Bankston has significant credentials concerning the arbitration of construction or securities disputes, defendants believe that someone with a working knowledge of insurance defense issues and Alaska's CHI statute is better qualified to arbitrate a dispute over recoverable attorney's fees as is presented by what remains of this case.

The defendants believe that Brian Doherty is better qualified and more suitable as an arbitrator for the attorney's fees issues that remain in this case.  Pursuant to AS 09.43 *et seq.*, the court has the authority to appoint an arbitrator.  The defendants are prepared to work with either candidate the court selects.

Issues for the Arbitrator

Plaintiffs assert that all issues that remain in this case are to be arbitrated.  That is not what is provided for in the partial settlement agreement or in the applicable statute,

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 3 of 8                                                                                                                 1018-83/ # 83241

AS 21.89.100. The partial settlement agreement entered into between the parties and attached in part to plaintiffs' memorandum provides that if the parties cannot reach an agreement as to undisputed defense costs, they will arbitrate under AS 21.89.100. The partial settlement agreement reads in applicable part:

> The parties agree that the carriers reserve all factual, legal, contractual, policy, and/or statutory defenses to all issues relating or pertaining to reserved claims. (See plaintiffs' Exhibit 2 at page 2.)

AS 21.89.100(d) states in its concluding sentence

> A dispute between the insurer and the insured regarding attorney's fees that is <u>not resolved by the insurance policy or this section</u> shall be resolved by arbitration under AS 09.43. (Emphasis added)

The carriers have preserved significant and substantive defenses under their policies that are outside the parameters to be arbitrated under AS 21.89.100. For example, the former president of Hurlen, a Travelers insured, testified that his company had not paid any defense costs in the underlying City of Homer lawsuit. That fact raises policy issues concerning the defense of an insured being provided by another entity. It is a different issue than what is to be arbitrated under the CHI statute, i.e., the amount of attorney's fees an insurer has to pay. It is a matter for the court to decide under AS 21.89.100.

Zurich also has policy issues that need to be resolved by the court. For example, ACC, a Zurich insured represented by the same attorneys as represented Hurlen, allowed itself to be sued by the City of Homer as part of a settlement between the City of Homer

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 4 of 8

1018-83/ # 83241

and Hurlen on one aspect of the underlying construction claim.  It was only after ACC was sued with its own consent as part of a settlement agreement that benefited only Hurlen that ACC tendered its claim to Zurich and demanded a defense.  This action raises an issue concerning the cooperation clause in the insurance policy that is outside the scope of the attorney's fee issue to be arbitrated under AS 21.89.100.  There are several other issues involving Hurlen and ACC that raise policy provisions and are outside the scope of the issues to be arbitrated under AS 21.89.100.

There are significant issues that make up the reserved claims that will be resolved under the terms and conditions of the applicable insurance policies.  AS 21.89.100 specifically excludes from arbitration issues to be resolved by the policies.  Under this statute, these issues remain to be addressed by the court and are not subject to arbitration under AS 09.43.  Plaintiffs' claim that all remaining issues are to be arbitrated is inconsistent with the terms in the partial settlement agreement and the explicit provisions of AS 21.89.100.

### Discovery

Throughout the course of the coverage investigation and continuing into the declaratory judgment action, the insureds have been extremely reluctant to produce documents necessary for the evaluation and assessment of first their construction claim, and then the attorney's fee claim.  The deposition of Hurlen's former president, taken on the eve of the mediation in this case, produced a sales contract amendment that provided that ACC agreed to defend Hurlen from any claims involving Hurlen's work from 1996

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 5 of 8                                                                                                              1018-83/ # 83241

forward.  (Exhibit 2, Sec. 7.22 change of 11/19/03.)  This was contrary to the terms of an indemnification agreement entered into between Hurlen and ACC a year after the sale, which required Hurlen to indemnify ACC for any claims arising out of attempts to collect on the City of Homer pile driving job.  (Exhibit 3, indemnification provision of Assignment and Assumption Agreement between ACC and Hurlen dated 5/19/03.)  It appears ACC's agreement to let the City of Homer sue it as part of a settlement between the City of Homer and Hurlen on the pile driving claim resulted from ACC's agreement to insure Hurlen's work (Exhibit 2).  It now appears there is significant correspondence between ACC and Hurlen that led up to this agreement, and that there were other agreements and deals between ACC and Hurlen covering defense of the Homer litigation and payment of any settlement or judgment.  Requested information that led up to numerous contract and litigation agreements between ACC and Hurlen has not been produced.  Significant discovery is going to be necessary to ascertain the numerous and significant changes in the relationships between ACC, Hurlen, and their various defense counsel throughout the course of the City of Homer litigation.   Plaintiffs continue to resist this discovery.  For this reason, the defendants  request that the court retain control to refer discovery disputes in this case to either the arbitrator or a discovery master until the policy issues have been resolved.

<u>Unbriefed Dispositive Motions</u>

The underlying dispositive motion raises some issues which the court, rather than the arbitrator, should decide.  However, the circumstances and posture of the case are

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 6 of 8                                                                                                          1018-83/ # 83241

now different from what they were when that motion and cross-motion, were filed. Thus, defendant Travelers submits it would be preferable for the parties, when and if it is necessary to submit legal/policy issues to the court for review, to file new memoranda specifically directed to the new issues. For example, while the scope of Traveler's duty to defend is a legal issue for the court, precisely what attorney's fees and costs Travelers should be responsible for is an issue for the arbitrator. Who is an insured, and whether they incurred any reimbursable costs and fees, might be an issue first for the court, and then, perhaps, for the arbitrator. Finally, whether there is an indemnity obligation is moot, that issue having been resolved by the partial settlement agreement, and the performance of that agreement.

## Conclusion

The court has two candidates to consider as arbitrator of the attorney's fee issue in this matter. The defendant believes that Brian Doherty is the more qualified candidate to resolve this issue involving applicable insurance defense fees under AS 21.89.100. That statute provides that attorney's fee issues are arbitrable, but the issues to be resolved by the policy are outside the arbitration provision. Accordingly, the defendants request that the court retain control over and resolve the policy issues as reserved by the carriers in the partial settlement agreement. The defendants also request that the court retain jurisdiction to handle discovery disputes in this case until the policy issues have been resolved by the court.

DATE: April 28, 2006

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 7 of 8                                                                    1018-83/ # 83241

s/ David W. Pease
Burr, Pease & Kurtz
Attorneys for Zurich American Insurance
810 N Street
Anchorage, AK  99501
Phone:  (907) 276-6100
Fax:  (907) 258-2530
E-mail:  bpk@bpk.com
Alaska Bar # 8706041

s/ Clay A. Young
Delaney Wiles, Inc.
Attorneys for Travelers Indemnity Company of America
107 W. 3rd Ave., Ste. 400
Anchorage, AK  99501
Phone:  (907) 279-3581
Fax:  (907) 277-1331
E-mail:  cay@delaneywiles.com
Alaska Bar # 7410117


CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2006, copy
of the above and foregoing pleading was served
electronically on Brooks Chandler and Clay A. Young.

_____
s/ David W. Pease

Response to Plfs' Mtn to Appoint Arbitrator
ACC v. Zurich and Travelers, No. A05-153 CI (TMB)
Page 8 of 8                                                                                              1018-83/ # 83241