**GILMORE & DOHERTY**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
RESOLUTION PLAZA
1029 WEST 3RD AVENUE, SUITE 500
ANCHORAGE, ALASKA 99501-1982

JAMES D. GILMORE
BRIAN M. DOHERTY
AMY R. MÉNARD

TELEPHONE
(907) 279-4506
FACSIMILE
(907) 279-4507

April 27, 2006

*VIA FACSIMILE AND U.S. MAIL*

David W. Pease
Burr, Pease & Kurtz, P.C.
810 N Street
Anchorage, Alaska 99501

Dear David:

Enclosed with this letter is the firm résumé of Gilmore & Doherty and my personal résumé. I am interested in serving as an arbitrator since I am very familiar with CHI independent counsel issues. I have worked for the various insurance companies listed on the firm résumé in the capacity of panel counsel and also have been selected by insureds as independent CHI counsel in cases involving the reservation of rights under an insurance policy. I am very familiar with the provisions of AS 21.89.100(a)-(h) and the holding of *CHI Alaska, Inc. v. Employers Reinsurance Corporation*, 844 P.2d 1113 (Alaska 1993).

I am not aware of any conflicts of interest with any of the parties involved in the litigation. A majority of my practice is in federal court and I am familiar with CHI counsel insurance issues in declaratory judgment actions.

If you or opposing counsel have any additional questions for me, please feel free to contact me regarding providing additional information. Thank you for your consideration on this matter.

Sincerely,

GILMORE & DOHERTY, P.C.

Brian M. Doherty

bmd/dal
F:\ADMIN\Pease.doc

Enc.

Exhibit 1
Page _1_ of _3_

**BRIAN M. DOHERTY**
GILMORE & DOHERTY, P.C.
1029 West Third Avenue, Suite 500
Anchorage, Alaska 99501-1982
(907) 279-4506
bdoherty@gilmoreand doherty.com

---

## PROFESSIONAL EXPERIENCE

**1989 to Present**

**Attorney and Managing Partner**
Gilmore & Doherty, P.C.
Resolution Plaza
1029 West Third Avenue, Suite 500
Anchorage, Alaska 99501

- Defense litigation, including all aspects of civil and criminal litigation in both State and Federal courts

- Research and writing of pre-trial motions and appellate briefs

- Extensive trial and administrative hearing experience

**1997**

**ADJUNCT PROFESSOR**
Justice Center
University of Alaska at Anchorage
3211 Providence Drive
Anchorage, AK 99508

- Taught University of Alaska Justice Department undergraduate class on Civil Procedure and Federal Rules of Civil Procedure

- Emphasis on jurisdiction, venue, and practical application of Federal Rules of Civil Procedure in discovery, pre-trial motions, and trial through use of Ninth Circuit and U.S. Supreme Court cases

**1984 to 1988**

**ATTORNEY**
Alaska Public Defender Agency
900 West Fifth Avenue, Suite 200
Anchorage, Alaska 99501

- Responsibilities included numerous felony trials and pre-trial motions while managing large caseload

- Research and writing of criminal appellate briefs

**1983 to 1984**

**JUDICIAL LAW CLERK**
The Honorable Mark C. Rowland
Presiding Judge
Alaska Superior Court
303 K Street
Anchorage, Alaska 99501

Exhibit 1
Page 2 of 3

| | |
|---|---|
| 1978 to 1980 | **JOB PLACEMENT DIRECTOR**<br>Soviet Immigrant Project<br>2001 Beacon Street<br>Brookline, Massachusetts 02146 |

- Directly responsible for all phases of vocational counseling, job development and placement for Soviet Jewish political refugees

- Worked closely with various government agencies including the State Department, Immigration and Naturalization Service, Social Security Administration and Department of Labor for proper visa status, employment authorization, government services, and benefits for clients on a group and individual basis.

## EDUCATION

| | |
|---|---|
| May 1983 | Juris Doctor<br>NORTHEASTERN UNIVERSITY SCHOOL OF LAW<br>Boston, Massachusetts |
| May 1977 | Bachelor of Arts, Cum Laude<br>UNIVERSITY OF MASSACHUSETTS<br>Amherst, Massachusetts |

## PROFESSIONAL ASSOCIATIONS AND APPOINTMENTS

| | |
|---|---|
| 2001 - 2004 | Chair, Court Fund Committee, United States District Court |
| 1999 - 2005 | Alaska Supreme Court Pattern Criminal Jury Instruction Committee |
| 1999 - 2001 | Chair, District Alaska Lawyer Representatives to the Ninth Circuit Court of Appeals |
| | AV - Rating of Martindale-Hubbell Peer Review |

| | |
|---|---|
| **REFERENCE** | Justice Dana Fabe<br>Alaska Supreme Court<br>303 K Street, 5th Floor<br>Anchorage, Alaska 99501<br>(907) 264-0622 |

Additional references are available upon request.

Exhibit 1
Page 3 of 3

Section 2.  Amendment to Section 3.5(c). Section 3.5(c) of the Purchase Agreement shall be amended and restated in entirety as follows:

"(c) Each Incentive Payment made pursuant to this Section 3.5(c) will be payable in cash."

Section 3. New Section 7.22. A new Section 7.22 to the Purchase Agreement shall be included as follows:

"Section 7.22 Operation Insurance. Upon the execution of this Amendment, ACCWC, at its sole expense, shall purchase continuing operation insurance for a term of ten-years from the date hereof for projects of Seller that were started (a) on or after January 1, 1996, the closing of the purchase of Hurlen Construction Company by the Shareholders and (b) on or prior to June 7, 2002, the closing of the Purchase Agreement, as set forth in the Projects Completed Before Sale (All Projects) attached hereto as Schedule I. ACCWC shall cause Seller, the Shareholders and their successors or assigns to be named as additional insureds on the continuing operation insurance policy."

Section 4. Waiver. As more specifically set forth in the Agreement and Release between Purchaser, American Civil Constructors Holdings, Inc., a Delaware corporation and ACCWC's ultimate parent ("ACCH"), and McKellar attached hereto as Exhibit A (the "McKellar Agreement"), the parties have agreed that McKellar, at his request, may retire from his employment with the Purchaser effective as of June 1, 2004. In connection with McKellar's early retirement, the Purchaser agrees to irrevocably waive any and all rights to a Purchase Price Adjustment from the Seller or the Shareholders under Section 3.6 of the Purchase Agreement as a result of the voluntary termination of McKellar's employment by McKellar prior to the third anniversary of the Closing Date.

Section 5. Assignment. Pursuant to Section 11.3 of the Purchase Agreement, Purchaser hereby consents and agrees that Seller may, at it sole discretion, merge into a limited liability company to be owned by Sellers.

Section 6. Other Agreements. In connection with and in consideration for the Amendment and as a condition to its execution, the applicable parties shall also enter into the following agreements contemporaneously with this Amendment:

(d)     From and after the date hereof, Hurlen shall indemnify, defend and hold harmless ACCWC, its successors, assigns and affiliates from and against all costs, expenses, losses, damages and liabilities (including reasonable attorneys' fees and expenses) suffered by any one of them to the extent resulting from, arising out of, or incurred with respect to, or in the case of claims asserted against any one of them by a third party alleged to result from, arise out of or have been incurred with respect to the any actions taken by or failures to take actions by Hurlen or its successors or assigns or agents in connection with the collection of or attempted collection of the Contracts Receivable and the Homer Receivable.

**Section 3.    Payment.**



**Section 4.    Miscellaneous.**

(a)     ACCWC agrees that upon receipt of any payment on the Contracts Receivable and the Homer Receivable from the applicable debtors, it will promptly forward such payments to Hurlen.

(b)     This Agreement constitutes the entire agreement among the parties and supersedes any prior agreement or understanding among them respecting the subject matter of this Agreement.

(c)     This Agreement may be executed in several counterparts, all of which shall constitute one agreement, binding on all parties hereto, notwithstanding that all the parties are not signatories to the same counterpart.

(d)     This Agreement shall be governed and interpreted in accordance with the laws of the State of Washington.

[Signature Pages Follow]