Brooks W. Chandler, Esq.
State Bar No. 8310109
BOYD, CHANDLER & FALCONER, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY,<br><br>                Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>                Defendants. | Case No. A05-153 CV (TMB) |

**REPLY TO RESPONSE TO MOTION TO APPOINT ARBITRATOR
AND TO DETERMINE SCOPE OF ARBITRATION**

INTRODUCTION

The defendant insurance companies predictably seek to "stumble, bumble and delay" resolution of the remaining issues in this case. They admit agreeing to arbitrate the remaining claims in this case under AS 21.89.100. Their veiled references to "various issues" supposedly resolved by "the policy" and therefore required to be resolved by this Court rather than an arbitrator is an illogical and

REPLY TO RESPONSE TO MOTION
Page 1 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106

unexplained interpretation of AS 21.89.100(d). This interpretation would result in an unwieldy bifurcated proceeding without any end in sight and without specifying the issues to be resolved by one tribunal (the court) and the other tribunal (the arbitrator). The proposed interpretation of AS 21.89.100(d) should be rejected.

### AS 22.89.100(d) DOES NOT REQUIRE CHI ATTORNEY FEE DISPUTES TO BE RESOLVED IN A BIFURCATED PROCEEDING.

The insurers claim the phrase "not resolved by the policy or this section" in AS 21.89.100(d) means that the legislature intended disputes about attorney fees to be resolved in bifurcated proceedings with "policy" issues resolved by the court. (Response p. 4). This barely explained theory is not supported by any discussion of rules of statutory interpretation or legislative history. It is illogical for the legislature to have intended to create such a convoluted procedure without more specifically indicating their intent to do so in statutory language or legislative history.

The legislative history of AS 21.89.100(d)[1], indicates this section was inserted

---

[1]

What eventually became AS 21.89.100 first appeared in HB 534 the Omnibus Insurance Reform legislation in the 1994 legislative session. Affidavit of Brent Edwards ¶ 2 and Exhibit A to affidavit. The legislation was reintroduced in the 1995 legislative session as SB 53. Affidavit of Brent Edwards ¶ 3 and Exhibit B to affidavit. What became AS 21.89.100 was deleted from the bill by the Senate Labor and Commerce committee apparently because the Attorney General thought the provisions were not "consistent" with CHI. Affidavit of Brent Edwards ¶ 4 and 5 and Exhibit C to affidavit. The "independent counsel" language was added back to the bill by the House Labor and Commerce Committee. Affidavit of Brent Edwards ¶ 6 and Exhibit D (p. 6) to affidavit. During discussion of the "independent counsel" provision in the House an attorney representing the State Division of Insurance indicated that the proposed language "is essentially the same as California's". Affidavit of Brent Edwards, Exhibit D (p. 2). The "independent counsel" provision

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

REPLY TO RESPONSE TO MOTION
Page 2 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106

into general "insurance reform" legislation and was modeled after a similar statute adopted by the State of California. Affidavit of Brent Edwards, Exhibit D, p. 2. The California statute, Cal. Civ. Code 2680, in subsection(c) states:

> This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.

Cal. Civ. Code 2680(c).

Review of the legislation AS 21.89.100(d) was "modeled" after compels the conclusion the reference to "the policy" in AS 21.89.100(d) refers to policy provisions directly related to payment of attorney fees or resolving disputes regarding payment of attorney fees not general "substantive defenses" based on policy language as argued by Defendants.

Moreover, AS 21.89.100(d) specifically references Alaska's version of the Uniform Arbitration Act. AS 09.43. Under that Act, arbitration cannot be avoided because a claim allegedly "has no merit". AS 09.43.020(e). Any claim by Defendants based on language in the applicable insurance policies that Plaintiffs' claims for reimbursement of defense costs are without merit either because of the payment of defense costs by a third party or because ACC "allowed" itself to be sued

---

was added by amendment. Affidavit of Brent Edwards ¶ 6 and Exhibit D (p. 6) to affidavit.

must be determined by an arbitrator.

### THE DEFENSES "RESERVED" ARE NOT IDENTIFIED AND ARE NOT RESOLVED BY THE INSURANCE POLICIES OR AS 21.89.100

The "significant and substantive defenses" insurers claim the court must resolve (Response p. 4) are based on <u>facts</u> particular to this case. The insurers admit as such through references to "testimony" of the former president of Hurlen (which testimony is not provided to the court), and through attachment of agreements outside the policy as Exhibits 2 and 3 to their response. Accordingly, the "significant and substantive" defenses elliptically referred to by Defendants are not resolved "by the policy" or by AS 21.89.100. Rather, they require the consideration of extrinsic evidence <u>in addition to</u> policy provisions. Moreover, whatever these "significant" unexplained defenses are will involve application of general legal rules and precedent to the specific facts and policy provisions at issue in this case. <u>See generally</u>, Plaintiffs' Motion for Partial Summary Judgment. Accordingly, even if AS 21.89.100 did require bifurcation of issues resolved "by the insurance policy or [AS 21.89.100]", the Reserved Issues cannot be so resolved. Therefore, arbitration under AS 09.43 is required.

The insurance companies do not explain how "the policy" entitles Zurich and Travelers to reap a windfall if defense costs they should have paid for are paid by someone other than their insured. (Response p. 4). Similarly unconnected to any policy language is counsel's claim (without benefit to an affidavit or any other

REPLY TO RESPONSE TO MOTION
Page 4 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

document) that ACC "allowed" itself to be sued by Homer (Response p. 5). The implication that Homer was legally incapable of asserting a claim against ACC without ACC's permission seems patently absurd. Anyone can sue anyone for anything at anytime. Even claims raising issues of sovereign immunity can be asserted in a court filing (albeit ultimately unsuccessfully), without the immune sovereign's consent. There is no evidence Homer needed ACC's permission to sue.

Also unexplained is the claim that there are other unidentified "significant issues" that will "be resolved under the terms and conditions of the applicable insurance policies" (Response p. 5). What these issues are and what policy provisions are involved are kept hidden from the court. How these issues will be resolved without reference to the particular facts of this dispute is not revealed.

### AN ARBITRATOR HAS AUTHORITY REGARDING DISCOVERY ISSUES

The specifics of Defendants' claim that it "appears" there are unidentified documents not yet produced, (Response p. 6) is, like the other claims of Defendants, left to the court's and Hurlen's imagination. Plaintiffs' "resistence" to discovery is not specified. In fact, Plaintiffs responded to Defendants informal February 26 discovery request on April 10. Exhibit E[2]. Plaintiffs have not received any communication from counsel for Defendants indicating these responses were

---

[2] The objections to the informal discovery requests based on attorney-client privilege may be what Defendants believe is resistance, however, claims of privilege are frequently made during discovery.

REPLY TO RESPONSE TO MOTION
Page 5 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

inappropriate or that objections were not well taken. Affidavit of Brooks W. Chandler. Moreover, an arbitrator has full authority to control production of documents or witnesses. AS 09.43.070(a). There is no need for continued court involvement in discovery.

## UN-BRIEFED DISPOSITIVE MOTIONS SHOULD NOT BE RE-BRIEFED

Travelers not only wants to have the court decide the pending dispositive motion, they want to start all over. (Response p. 7). Travelers can certainly withdraw its motion for partial summary judgment if it wishes, but Plaintiffs should not be compelled to do likewise. Moreover, as discussed above, the issues raised by the pending motions relate to payment of disputed defense fees. The parties agreed to arbitrate these issues. The insurers should be held to their agreement. The issues raised by the pending motions will be decided by the arbitrator. The arbitrator can decide whether to reject Plaintiffs' previously filed briefing.

## DOHERTY IS NOT MORE QUALIFIED THAN BANKSTON

Plaintiffs do not oppose <u>consideration</u> of Mr. Doherty as an arbitrator, however, the claim he is inherently more qualified than Mr. Bankston because of "CHI experience" is ridiculous. This dispute undeniably is related to underlying construction litigation between Plaintiffs and the City of Homer. Who better than a construction lawyer to determine the appropriateness of the legal fees charged by counsel in construction litigation? A lawyer familiar with construction disputes will

REPLY TO RESPONSE TO MOTION
Page 6 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106

be best able to determine if time was reasonably spent preparing for and defending the Homer claim. A construction lawyer will best be able to grasp what was required to defend the Homer claim, whether hourly rates charged were reasonable given the experience and expertise of the law firm employees involved in defense of the claim and similar fee issues. Working for insurance companies in general as Mr. Doherty apparently has done[3] does not tell the court whether the insurance matters involved construction disputes. Similarly, general familiarity with the CHI statute does not mean that Mr. Doherty has been involved in matters related to the reasonableness of attorney fees incurred in a construction dispute, or is inherently more qualified to serve as an arbitrator than Mr. Bankston. AS 22.89.100(d) itself requires CHI counsel to have experience in "the general subject area" of the underlying dispute. It is sensible to have the issues involved in this matter resolved by an attorney with construction litigation experience.

## CONCLUSION

The insurers' claim that the statutory procedure they agreed to employ to resolve the "Reserved Issues" require bifurcation of "fee" issues from "policy" issues is not supported by the words of the statute, the facts of this case or common sense. The Uniform Arbitration Act does not limit the scope of issues an arbitrator may consider. Having agreed to arbitrate the Reserved Issues in accordance with the

---

[3] The "firm resume" referenced in his April 27 cover letter was not submitted by Defendants. The Martindale Hubbell firm reference, Exhibit F, does not identify construction litigation as an area of practice.

REPLY TO RESPONSE TO MOTION
Page 7 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106

statute, the Defendants must submit all "Reserved Issues" to arbitration. The arbitrator best qualified to resolve issues about attorney fees incurred in construction litigation is an experienced construction lawyer. Plaintiffs' requested order should be entered.

Dated this 12th day of May, 2006.

> s/Brooks W. Chandler
> Boyd, Chandler & Falconer, LLP
> 911 W. 8th Avenue, Suite 302
> Anchorage, AK 99501
> Telephone (907) 272-8401
> Facsimile  (907) 274-3698
> E-Mail: bcf@bcf.us.com; bchandler@bcf.us.com
> State Bar No. 8310109
> Attorneys for Plaintiffs

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
911 WEST EIGHTH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698

REPLY TO RESPONSE TO MOTION
Page 8 of 8
lf.bc.acc.electronicpldgs.arbitrator.051106