Bill Text for HB 534 - 18th Legislature

```
05 director determines that the person wilfully violated a provision of this title, a civil
06 penalty of not more than $25,000 for a violation; and
07              (2)   denial, noncontinuation, or revocation of a registration.
08         (h)  The director may adopt regulations on the operation and reporting
09 requirements of a risk retention group that are not in conflict with 15 U.S.C 3901 -
10 3906 (Liability Risk Retention Act).
11         Sec. 21.89.090.  APPOINTMENT OF INDEPENDENT COUNSEL;
12 CONFLICTS OF INTEREST.    (a)  If an insurer has a duty to defend an insured under
13 a policy of insurance and a conflict of interest arises that imposes a duty on the insurer
14 to provide independent counsel to the insured, the insurer shall provide independent
15 counsel to the insured unless the insured in writing waives the right to independent
16 counsel.  An insurance policy may contain a provision that provides a method of
17 selecting independent counsel if the provision complies with this section.
18         (b)  For purposes of this section, the following do not constitute a conflict of
19 interest:
20              (1)   a claim of punitive damages;
21              (2)   a claim of damages in excess of the policy limits;
22              (3)   claims or facts in a civil action for which the insurer denies
23 coverage; however, this paragraph does not apply if the insurer reserves the insurer's
24 rights on the issue for which coverage is denied and the outcome of that coverage
25 issue can be controlled by counsel initially retained by the insurer for the defense of
26 the claim.
27         (c)  If the insured selects independent counsel at the insurer's expense, the
28 insurer may require that the independent counsel have at least five years of experience
29 in civil litigation, including substantial defense experience in the subject at issue in the
30 civil action, and malpractice insurance.  Unless otherwise provided in the insurance
31 policy, the obligation of the insurer to pay the fee charged by the independent counsel
01 is limited to the rate that would actually be paid by the insurer to an attorney in the
02 ordinary course of business in the defense of a similar civil action in the community
03 in which the claim arose or is being defended.  A dispute between the insurer and
04 insured regarding attorney fees that is not resolved by the insurance policy or this
05 section shall be resolved by arbitration under AS 09.43.
06         (d)  If the insured selects independent counsel at the insurer's expense, the
07 independent counsel and the insured shall consult with the insurer on all matters
08 relating to the civil action and shall disclose to the insurer in a timely manner all
09 information relevant to the civil action, except information that is privileged and
10 relevant to disputed coverage.  A claim of privilege is subject to review in the
11 appropriate court.  Information disclosed by the independent counsel to the insured
12 does not waive another party's right to assert privilege.
13         (e)  An insured may waive the right to select independent counsel by signing
14 a statement that reads substantially as follows:
15              I have been advised of my right to select independent counsel
16 to represent me in this lawsuit.  I have considered this matter
17 fully and at this time I am waiving my right to select
18 independent counsel.  I have authorized my insurer to select a
19 defense counsel to represent me in this lawsuit.
```

EXHIBIT A
PAGE 1 OF 2

Bill Text for HB 534 - 18th Legislature

```
20          (f) If an insured selects independent counsel under this section, both the
21 counsel representing the insurer and independent counsel representing the insured shall
22 be allowed to participate in all aspects of the civil action. Counsel for the insurer and
23 insured shall cooperate fully in exchanging information that is consistent with ethical
24 and legal obligations to the insured. Nothing in this section relieves the insured of the
25 duty to cooperate fully with the insurer as required by the terms of the insurance
26 policy.
27    * Sec. 89. AS 21.90.900(26) is amended to read:
28          (26) "managing general agent" means a person, firm, or corporation that
29              (A) has authority to exercise general supervision over the
30 business, or any part of the business, of one or more admitted insurers; and
31              (B) performs administrative functions normally performed by
01 the insurer including claims administration and payment, marketing
02 administration, agent appointment, premium accounting, premium billing,
03 coverage verification, final underwriting authority, or [AND] certificate
04 issuance;
05    * Sec. 90. AS 21.27.650(f)(3) and AS 21.36.420 are repealed.
06    * Sec. 91. AS 21.57.110 and 21.57.170 are repealed.
07    * Sec. 92. AS 21.09.300(c), enacted in sec. 13 of this Act, has the effect of amending
08 Alaska Rule of Civil Procedure 45, by providing that certain insurer reports of material
09 transactions are not subject to subpoena.
10    * Sec. 93. TRANSITION. This Act applies to a policy of insurance that is entered into
11 or renewed on or after the effective date of the relevant provision of this Act.
12    * Sec. 94. Sections 14 and 15 of this Act take effect only if legislation is passed by the
13 Eighteenth Alaska State Legislature and becomes law that establishes risk based capital
14 requirements for insurers.
15    * Sec. 95. If secs. 14 and 15 of this Act take effect, they take effect on the effective date
16 of the legislation described in sec. 94 of this Act.
17    * Sec. 96. Sections 62 - 76 and 91 of this Act take effect October 1, 1994.
18    * Sec. 97. Except as provided in secs. 95 and 96 of this Act, this Act takes effect July 1,
19 1994.
```

Bill Root:

[Display Bill Root]

To Report Problems with Basis Inquiry
Live KTOO Streams
Return to Basis Main Menu (18th Legislature)
Return to Legislature Home Page

EXHIBIT A
PAGE 2 OF 2