Bill Text for SB 53 - 19th Legislature

```
19          (1)  a civil penalty of not more than $10,000 for a violation or, if the
20  director determines that the person wilfully violated a provision of this title, a civil
21  penalty of not more than $25,000 for a violation; and
22          (2)  denial, noncontinuation, or revocation of a registration.
23      (h)  The director may adopt regulations on the operation and reporting
24  requirements of a risk retention group that are not in conflict with 15 U.S.C. 3901 -
25  3906 (Liability Risk Retention Act).
26      Sec. 21.89.100.  APPOINTMENT OF INDEPENDENT COUNSEL;
27  CONFLICTS OF INTEREST.  (a)  If an insurer has a duty to defend an insured under
28  a policy of insurance and a conflict of interest arises that imposes a duty on the insurer
29  to provide independent counsel to the insured, the insurer shall provide independent
30  counsel to the insured unless the insurer reserves the right to independent
31  counsel.  An insurance policy may contain a provision that provides a method of
01  selecting independent counsel if the provision complies with this section.
02      (b)  For purposes of this section, the following do not constitute a conflict of
03  interest:
04          (1)  a claim of punitive damages;
05          (2)  a claim of damages in excess of the policy limits;
06          (3)  claims or facts in a civil action for which the insurer denies
07  coverage; however, this paragraph does not apply if the insurer reserves the insurer's
08  rights on the issue for which coverage is denied and the outcome of that coverage
09  issue can be controlled by counsel initially retained by the insurer for the defense of
10  the claim.
11      (c)  If the insured selects independent counsel at the insurer's expense, the
12  insurer may require that the independent counsel have at least five years of experience
13  in civil litigation, including substantial defense experience in the subject at issue in the
14  civil action, and malpractice insurance.  Unless otherwise provided in the insurance
15  policy, the obligation of the insurer to pay the fee charged by the independent counsel
16  is limited to the rate that would actually be paid by the insurer to an attorney in the
17  ordinary course of business in the defense of a similar civil action in the community
18  in which the claim arose or is being defended.  A dispute between the insurer and
19  insured regarding attorney fees that is not resolved by the insurance policy or this
20  section shall be resolved by arbitration under AS 09.43.
21      (d)  If the insured selects independent counsel at the insurer's expense, the
22  independent counsel and the insured shall consult with the insurer on all matters
23  relating to the civil action and shall disclose to the insurer in a timely manner all
24  information relevant to the civil action, except information that is privileged and
25  relevant to disputed coverage.  A claim of privilege is subject to review in the
26  appropriate court.  Information disclosed by the independent counsel or the insured
27  does not waive another party's right to assert privilege.
28      (e)  An insured may waive the right to select independent counsel by signing
29  a statement that reads substantially as follows:
30          I have been advised of my right to select independent counsel
31  to represent me in this lawsuit.  I have considered this matter
01  fully and at this time I am waiving my right to select
02  independent counsel.  I have authorized my insurer to select a
```

EXHIBIT B
PAGE 1 OF 2

Bill Text for SB 53 - 19th Legislature

```
03         defense counsel to represent me in this lawsuit.
04              (f)  If an insured selects independent counsel under this section, both the
05         counsel representing the insurer and independent counsel representing the insured shall
06         be allowed to participate in all aspects of the civil action. Counsel for the insurer and
07         insured shall cooperate fully in exchanging information that is consistent with ethical
08         and legal obligations to the insured. Nothing in this section relieves the insured of the
09         duty to cooperate fully with the insurer as required by the terms of the insurance
10         policy.
11     * Sec. 103.  AS 21.90.900(26) is amended to read:
12              (26) "managing general agent" means a person, firm, or corporation that
13                   (A)  has authority to exercise general supervision over the
14         business, or any part of the business, of one or more admitted insurers; and
15                   (B)  performs administrative functions normally performed by
16         the insurer including claims administration and payment, marketing
17         administration, agent appointment, premium accounting, premium billing,
18         coverage verification, final underwriting authority, or [AND] certificate
19         issuance;
20     * Sec. 104.  AS 21.90.900(28) is amended to read:
21              (28) "person" has the meaning given in AS 01.10.060 and includes an
22         insurer, Lloyd's, fraternal benefit society, medical service, or hospital service plan as
23         defined in AS 21.87, reciprocal or interinsurance exchange, syndicate, and any other
24         legal entity engaged in the business of transacting insurance [, INCLUDING AGENTS,
25         BROKERS, AND CLAIMS ADJUSTERS];
26     * Sec. 105.  AS 28.20.580 is amended to read:
27              Sec. 28.20.580.  ASSIGNED RISK PLANS.  After consultation with the
28         insurance companies authorized to issue motor vehicle liability policies in this state,
29         the director of the division of insurance shall approve a reasonable plan, fair to the
30         insurers and equitable to their policyholders, for the apportionment among these
31         companies of applicants for motor vehicle policies and other vehicle coverages who
01         are in good faith entitled to but are unable to procure policies through ordinary
02         methods.  When a plan is approved, all the insurance companies shall subscribe to it
03         and participate in it, except a reciprocal insurer formed by and only insuring a
04         group of municipalities or nonprofit utilities under AS 21.75, or a reciprocal
05         insurer formed under AS 21.75 to provide marine insurance. An applicant for an
06         assigned risk policy, a person insured under an assigned risk plan, and an insurance
07         company affected may appeal to the commissioner of commerce and economic
08         development from a ruling or decision of the authority designated to operate the plan.
09         Failure to adopt an assigned risk plan does not relieve any person from responsibility
10         under this chapter.
11     * Sec. 106.  AS 39.25.110 is amended by adding a new paragraph to read:
12              (30)  a person employed as an actuary or assistant actuary by the
13         division of insurance in the Department of Commerce and Economic Development.
14     * Sec. 107.  AS 21.18.110(b)(3); AS 21.27.650(f)(3); and AS 21.36.420 are repealed.
15     * Sec. 108.  AS 21.57.110 and 21.57.170 are repealed.
16     * Sec. 109.  AS 21.09.300(c), enacted in sec. 15 of this Act, has the effect of amending
17         Alaska Rule of Civil Procedure 45, by providing that certain insurer reports of material
```

EXHIBIT B
PAGE 2 OF 2