# House LABOR & COMMERCE Minute



**May 05, 1995**

SB 53 - OMNIBUS INSURANCE REFORM

Number 306

The last order of business was CSSB 53(JUD), "An Act relating to regulation of risk retention or purchasing groups; to preemption of the regulation of insurance agents and insurance producers; to the general powers of the director of the division of insurance; to insurance examination hearings; to insurer certificates of authority; to annual and quarterly statements, taxes, and prohibited acts of insurers; to reinsurance credit allowed a domestic insurer; to risk based capital for insurers; to insurer assets and liabilities; to insurer investments; to insurance holding companies; to regulation, licensing, examination, and trade practices of insurance producers, managing general agents, third-party administrators, brokers, independent adjusters, and reinsurance intermediary managers; to surplus lines insurance; to criminal insurance acts; to premium increases in automobile insurance; to insurance rating; to assigned risk pools; to filing and approval of certain insurance policy forms; to required insurance coverage for acupuncture, nurse midwives' services, mammography, and phenylketonuria; to health insurance provided by small employers; to transfer of an insurer's status as a domestic insurer; to quarterly statements of benevolent associations, fraternal benefit societies, and health maintenance organizations; to reciprocal insurers; to the definition of 'member insurer' for purposes of the Alaska Life and Disability Insurance Guaranty Association; to electronic insurance data transfer and insurance funds transfer; to the definitions of 'managing general agent' and 'person' applicable to insurance law; to automobile assigned risk plans; placing a person employed by the division of insurance as an actuary or assistant actuary into the exempt service; amending Alaska Rule of Civil Procedure 45; and providing for an effective date."

CHAIRMAN KOTT stated they first would hear testimony from the teleconference line in Anchorage.

Number 325

DAVE STEBING, ASSISTANT ATTORNEY GENERAL, COMMERCIAL SECTION, CIVIL DIVISION, DEPARTMENT OF LAW, was first to testify on the measure. He informed the committee his client is the Division of Insurance (DOI). He said he was prepared to talk on anything relating to the independent counsel provision. He gave the following background on the provision:

It's a provision which was added into the division's omnibus at a late date without the division's knowledge. This independent counsel provision, which is found in the omnibus, near the end of the bill, would add a new section to the insurance code at 21.89.100. The proposed legislation implements an Alaska Supreme

EXHIBIT D
PAGE 1 OF 8

Court decision from 1993, which is called CHI of Alaska v. Employers Reinsurance. The citation for that case is A44P22.11.13. That case, in brief, stems from the proposition that an insurer or a purchaser of insurance has a unilateral right to select independent counsel to represent them, and they can do that at the insurance companies expense. That is kind of a controversial decision. The Alaska Supreme Court has followed the California Supreme Court in a case called the Cumis decision. The Cumis decision was issued in 1984, and its right to independent counsel has been referred to in various states thereafter as the Cumis Council.

MR. STEBING continued that Alaska now has the Cumis Counsel and this the proposed legislation added on to the omnibus bill seeks to implement the CHI decision. The CHI decision is not identified anywhere in the legislation but is clearly what is sought to be implemented. The proposed language in this provision is essentially the same as California's. California's law was controversial and was intended to resolve problems which arose when the Cumis Counsel remedy came into existence. He explained some of the problems which the Wall Street noted in an article was that attorneys were abusing this right by creating conflicts of interest and there were even some multi million dollar fraud situations.

MR. STEBING stated this was a controversial provision. He is not convinced this is a pro-consumer provision. The DOI is charged with protecting Alaskan insurance consumers. Some might think they're charged with protecting insurance companies and that is not true. However, DOI is supposed to provide a level playing field and facilitate a healthy insurance industry. However, the Alaska Supreme Court in the Northern Adjusters decision of 627 P 2nd.205 of 1981, said the purpose of Title 21 was to protect Alaskan insurance consumers. With that in mind, he believes that this provision presents some problems in trying to implement the CHI decision and its focuses on when a conflict of interest arises between an attorney and the insured.

MR. STEBING said it was his opinion the reference in subsection (b) to narrowly defines conflict of interest. This is an advantage to insurance companies in that they are excluding from conflict of interest, a claim for punitive damages and a claim of damages in excess of policy limits. Those are two classic instances of a conflict of interest. He said over the past few years they have spent hundreds of hours collectively working on this, and at the last minute this provision is added on that presents some controversy.

MR. STEBING felt there would be a problem with the DOI having to determine when a conflict of interest arises. This would be a matter subject to conflict and could be litigated. The Alaska Division of Insurance is charged with enforcing all of Title 21, which includes all provisions within the title. He said there may be some problems with enforcement. In closing, he noted that the California is in the California Civil Code of Procedure. He said this law would be better placed in the Code of Civil Procedure rather than in the insurance code.

Number 417

EXHIBIT D
PAGE 2 OF 8

REPRESENTATIVE ROKEBERG asked where the provision was located in the Senate committee substitute (CS).

Number 420

MR. STEBING said he wasn't sure if it was in the current version of the bill.

Number 427

CHAIRMAN KOTT said it is not in the current version of the bill.

MR. STEBING said it was his understanding this was an amendment.

Number 430

REPRESENTATIVE ROKEBERG asked Chairman Kott if there was an amendment.

CHAIRMAN KOTT responded there would be.

REPRESENTATIVE ROKEBERG asked if that would be to insert the Cumis rule.

MR. STEBING responded, "To insert the independent counsel provision."

REPRESENTATIVE ROKEBERG said, "Which is consistent with the Alaska Supreme Court, is that correct?"

MR. STEBING said it seeks to implement the CHI decision.

REPRESENTATIVE ROKEBERG questioned whether or not Mr. Stebing agreed with that.
Number 434

MR. STEBING responded that he believes it has some problems. It may define conflict of interest more narrowly than the Supreme Court intended.

REPRESENTATIVE ROKEBERG inquired who the parties of interest were.

Number 441

MR. STEBING responded he hadn't had any feed back from anyone. He reiterated that the provision was added onto the same bill last year without the knowledge of the division.

REPRESENTATIVE ROKEBERG commented they had been discussing amendments instead of the bill.

CHAIRMAN KOTT stated they had been discussing a proposal.

Number 453

REPRESENTATIVE SANDERS questioned why the provision was taken out of the bill.

MR. STEBING said he wasn't sure. He was told that someone

EXHIBIT D
PAGE 3 OF 8

outside of the Division of Insurance had it added last year which was unknown to the division. When the bill was reintroduced this year, it was removed. He said this amendment would require a title change and could slow the process for the omnibus bill.

Number 475

CHAIRMAN KOTT noted this was a Senate Labor and Commerce Committee bill. He and asked Sherman Ernouf if he would like to comment on this.

SHERMAN ERNOUF, ADMINISTRATIVE ASSISTANT TO SENATOR TIME KELLY, ALASKA STATE LEGISLATURE, testified that the Senate Labor and Commerce Committee had introduced SB 53 at the request of the Division of Insurance. It's important to the DOI that this passes the legislature this legislative session for accreditation purposes. He said they removed the independent counsel provisions in the Senate Labor and Commerce CS. He said he would try to answer any questions the committee had.

Number 485

REPRESENTATIVE SANDERS inquired on the background as to why they removed it.

Number 490
MR. ERNOUF responded they had removed it because of the very questions that were being raised now. They wanted to make sure SB 53 passes this session.

REPRESENTATIVE ROKEBERG asked why it was put in.

MR. ERNOUF responded no.

REPRESENTATIVE ROKEBERG asked who added it.

Number 494

MR. ERNOUF replied at the time the bill was drafted they got proposed language from the DOI. When the committee took testimony, it became a controversial issue so the bill was amended to take out that provision.

Number 500

CHAIRMAN KOTT thanked Mr. Ernouf for his testimony and asked the director of the DOI, Marianne Burke to join them.

CHAIRMAN KOTT referred to the Senate version, CSSB 53(JUD) and asked why on page 4, line 9, the wording, "The director may close an examination hearing to the public when the director finds the closure is necessary to protect a person against unwarranted injury or is in the public interest," was inserted. He asked what type of situation would warrant conclusion that closing examination hearings are in the public's interest.

MARIANNE K. BURKE, DIRECTOR, DIVISION OF INSURANCE, DEPARTMENT OF COMMERCE AND ECONOMIC DEVELOPMENT, responded if information of a proprietary nature were being discussed in a hearing that would give the insurance companies competitors an advantage, then the

EXHIBIT D
PAGE 4 OF 8

on, lets do it.' But, Mr. Chair, I guess -- I mean I'm probably going to make a statement here and I am going to go with my head rather than my heart, in that I don't think it's good public process to get a bill this big, move it out of committee and add a 16 page amendment to it that I haven't had a chance to read. I mean I've read this one and I thought my god, I'm going to pat myself on the back for getting through it. I was willing to not object to moving it out. I think if we do this despite the fact, then I think we're probably doing the right thing. Without seeing any of the backup material of what made people nervous, without a good explanation of what was in that's now out of it that was making people nervous that kind of process just pushes me over the edge. I'm going to... If somebody makes a move to amend with this, I'll object for whatever good it may do. I guess if somebody had come to me a week ago and said, `Kim, this is very important for these reasons' and given me an opportunity to think about it, make at least a few phone calls, I'd have probably gone `yea,' and I would have been an enthusiastic supporter. I probably will be an enthusiastic supporter when it comes back, but I'm not right now."

Number 630

REPRESENTATIVE ROKEBERG stated he agrees with Representative Elton. REPRESENTATIVE SANDERS said he also does.

TAPE 95-57, SIDE A

Number 001

CHAIRMAN KOTT withdrew Amendment 2. He then distributed Amendment 1. He asked the drafting attorney to come forward.

Number 037

MIKE FORD, ATTORNEY, LEGISLATIVE LEGAL SERVICES, LEGISLATIVE AFFAIRS AGENCY, informed Chairman Kott he is the drafting attorney for SB 53.

CHAIRMAN KOTT explained the committee had before them a work draft of the bill, dated 3/30/95, Version G. He said the official bill packet has the same CS, 9-LS0467\G. There appears to be some difference between the two versions. He asked Mr. Ford if he was correct in that assumption.

MR. FORD said he was just informed of that by Mr. Dozier. He said he believes there was a change in the title made by the Senate Labor and Commerce Committee. Mr. Ford said he can't explain why the title in the committee files is different than the printed copy, but it is. It could be that there has been an error in printing. He both should be the same.

CHAIRMAN KOTT said if there is a difference, it probably would be in the title. MR. FORD said that is the error that has been pointed out to him. He said he would have to check his file as to what the problem is. He said he has a G Version of CSSB 53(JUD). He said he believes that is the version before the committee. Occasionally, there are errors in printing. He said that could be the problem and he indicated he would have to check his file.

EXHIBIT D
PAGE 5 OF 8

CHAIRMAN KOTT asked Mr. Ford if he is looking at the copy that has "WORK DRAFT" stamped on it. MR. FORD indicated he wasn't. He was looking at a printed (indisc.).

REPRESENTATIVE ROKEBERG said the difference is on line 8 of the title.

Number 076

CHAIRMAN KOTT said the amendment basically resolves the Supreme Court case that has ruled that in litigation where there is a conflict of interest between the insurance company and the insured, the latter is entitled to retain independent counsel. The amendment requires independent counsel to have at least 40 years experience in civil litigation, including substantial defense experience in the subject at issue in the civil action. Unless the policy states otherwise, the prepaid independent counsel is limited to the right that the insurer pays to attorneys in the regular course of doing business in this area. In subsection (f), it makes changes to require independent counsel to consult with the insurer on all matters related to the case and disclosure of the relevant matters except those which are privileged and relevant to the disputed coverage. It also defines what does not constitute a conflict of interest. Chairman Kott noted this was in the original bill with the exception that some (indisc.) changes were made. He asked Mr. Ford if he would like to elaborate further.

MR. FORD said he has seen the language before in a different version. His only concern is that the title of the Senate bill is fairly narrow. At present, it describes all the provisions in the bill in a manner that was intended to preclude the addition of other material unless it fits within those specific categories. Mr. Ford said he would be concerned that this material would not fit under the existing title.

Number 120

CHAIRMAN KOTT said he would concur with that assessment. He said Amendment 1 or Amendment 2 would not conform to the title and would require a resolution. He said he has been told there was support for a title change if the committee desires to do that.

MR. FORD said aside from that, he doesn't have any legal concerns.

Number 140

CHAIRMAN KOTT moved Amendment 1.

REPRESENTATIVE ROKEBERG objected. He asked for a brief at ease.

The meeting was called back to order at which point a roll call vote was taken. Representative Kott, Sanders, Elton, Kubina and Porter voted in support of the amendment. Representative Rokeberg voted against the amendment. So Amendment 1 was adopted.

Number 167

EXHIBIT D
PAGE 6 OF 8

There was some confusion as to the committee members having the right version before them. REPRESENTATIVE KUBINA moved, for the record, that the version before the committee was 9-LS0467\G, Judiciary, Senate Judiciary Committee, and it is NOT marked "WORK DRAFT." CHAIRMAN KOTT said there is a motion to adopt the correct version. Hearing no objection, it was so ordered.

Number 179

CHAIRMAN KOTT said, "To ensure that we are correct, I'm going to ask that we rescind our action in adopting Amendment Number 1." Hearing no objection, it was so ordered.

CHAIRMAN KOTT then moved Amendment 1. He asked if there was an objection. REPRESENTATIVE ROKEBERG objected and called for a 30 second at ease. He informed the committee that he had taken the time to review a law review article. He said he would like to know what the opinion is of the DOI before it is adopted.

MS. BURKE said the DOI feels that it is more of an attorney legal issue and they don't have a position.

REPRESENTATIVE ROKEBERG asked if Mr. Stebing was still on line via teleconference. He said in the testimony given by him, it seemed he wasn't an advocate of the amendment.

MS. BURKE said that is true. He has some strong legal considerations and concerns on the issue. He has expressed those concerns.

REPRESENTATIVE ROKEBERG said according to information he has there was a 3 - 2 split in the Alaska Supreme Court, and the ruling was contained in the CHI case ruling which indicated that this goes against the preponderant adoption and state jurisdictions throughout the country. The arguments brought fourth by the descending justices and the Chief Justice of the Alaska Supreme Court indicated this would be (indisc.) public policy. He said he would prefer that the amendment be held until this could be clarified.

Number 225

REPRESENTATIVE KUBINA noted that he doesn't have a problem with either amendment.

CHAIRMAN KOTT said there is a motion to adopt Amendment 1. He asked for a roll call vote. Representative Kott, Porter, Kubina, Elton and Sanders voted in support of the amendment. Representative Rokeberg voted against the amendment. So Amendment 1 was adopted.

REPRESENTATIVE KUBINA moved Amendment 2. CHAIRMAN KOTT asked if there was an objection. Hearing none, Amendment 2 was adopted.

CHAIRMAN KOTT said the committee had before them CSSB 53(JUD), as amended by the House Labor and Commerce Committee.

Number 247

EXHIBIT D
PAGE 7 OF 8

REPRESENTATIVE KUBINA moved to pass SB 53 out of the House Labor and Commerce Committee. CHAIRMAN KOTT said there is a motion to move CSSB 53, as amended, out of committee with individual recommendations and accompanying fiscal notes. Hearing no objection, HCS CSSB 53(L&C) was passed out of committee.

---

**Bill Root:** [      ]  [Display Bill Root]

To Report Problems with Basis Inquiry

Live KTOO Streams 

Return to Basis Main Menu (19 Legislature)
Return to Legislature Home Page

EXHIBIT D
PAGE 8 OF 8