**BOYD, CHANDLER & FALCONER, LLP**
ATTORNEYS AT LAW
SUITE 302
911 WEST EIGHTH AVENUE
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
FACSIMILE: (907) 274-3698
bcf@bcf.us.com

April 10, 2006

David W. Pease, Esq.
Burr, Pease & Kurtz, PC
810 "N" Street
Anchorage, AK 99501

Clay A. Young Esq.
Delaney, Wiles, Hayes, et al
1007 W. Third Avenue; Suite 400
Anchorage, AK 99501

       RE: *American Civil Constructors, et al v.*
          *Zurich American Insurance, et al*
          Case No. 3AN-05-153 CI (JWS)

Dear Counsel:

  This responds to your letter of February 24 regarding additional discovery which your clients "will be seeking". We do not accept that much of this information is "needed" as suggested in your letter, but acknowledge that you want the requested documents.

  As a preliminary matter, all such discovery is to occur in the context of the previously agreed to arbitration of all remaining issues in this matter. To date, we have not had any indication of the insurers position on the scope of the arbitration or our proposal for resolving the conflicts of our previous selected list of arbitrators.

  The Uniform Arbitration Act does authorize arbitrators to issue subpoenas for production of documents. AS 9.43.070(a). My clients are willing to produce documents without issuance of subpoenas as discussed in further detail below. In addition, additional documents are produced herewith. If you are not satisfied with these responses, we remain willing to discuss the matter. Matters unresolved as a result of those discussions can be resolved by the arbitrator.

  1. All correspondence between Hurlen/MRC/RMC and ACC West Coast, ACC or any of their agents consultants or attorneys from the time Hurlen and ACC first discussed the sale of Hurlen to ACC through the present.

EXHIBIT E
PAGE 1 OF 6

David W. Pease, Esq.
Clay A. Young Esq.
April 10, 2006
Page 2

This request is over broad and unduly burdensome as written since it seeks communications that have nothing to do either with the sale of Hurlen, or the Homer claim and also seeks attorney client communications and attorney work product "between" ACC and its attorneys and Hurlen and its attorneys even if these communications relate to construction claims on other projects. It also would include my communications to my clients. Perhaps this was not what was intended and this inquiry can be made more precise. Without waiving these objections, in addition to documents previously produced, documents 50311-50407 are included with this letter.

2. Correspondence between Safeco and Hurlen/MRC/RMC or ACC and any agents, consultants, or attorneys that relates or pertains in any way to the City of Homer counterclaims against MRC and later ACC, indemnification claims by Safeco, tenders of defense, settlement discussions, mediations, bifurcation or severance, and payment of Safeco's defense costs.

Material responsive to this request was produced on December 12, 2005. This production will be updated to include documents generated since that date. All material responsive to this request will be produced.

3. All information tendering the bifurcated Safeco litigation to any insurer.

There are no documents responsive to this request.

4. All correspondence or analysis from any law firm other than Boyd, Chandler & Falconer, LLP concerning defense or indemnification obligations of any CGL carrier for the Safeco litigation.

No documents responsive to this request exist. Even if they did, they would not be produced since they would clearly be privileged attorney client communications and attorney work product.

5. All pleadings and discovery in the bifurcated Safeco litigation.

All documents responsive to this request were previously made available for inspection in the offices of Oles Morrison in Seattle. These will be reproduced for inspection in Anchorage. This production will include documents previously produced and any subsequent pleadings.

6. All pleadings filed by Safeco in the City of Homer lawsuit.

EXHIBIT E
PAGE 2 OF 6

David W. Pease, Esq.
Clay A. Young Esq.
April 10, 2006
Page 3

These are available in the court file and were also previously produced in Seattle. They will also be produced again in our office. This production will include documents previously produced and any subsequent pleadings.

7. Private letter that the Oles Morrison law firm delivered to the mediator in Seattle in October 2005.

This is enclosed. (Doc. Nos. 50408-50411). Inserted material prepared by our firm has been redacted.

8. Tom Krider's research results, analysis, or memo on the possible dismissal of ACC.

This is enclosed. (Doc. Nos. 50313-50321).

9. Memo prepared by Nelson, et al. on corporate or shareholder liability or piercing the corporate veil as to MRC.

This will be produced if it exists.

10. The waiver of conflict documents that Oles prepared for ACC and MRC.

These are enclosed. (Doc. Nos. 50323-50336).

11. ACC/RMC settlement agreement.

A redacted agreement is enclosed. (Doc. Nos. 50297-50310). The redacted provisions relate to disbursement of funds received as a result of this litigation and any claims asserted against Alaska National or Coffman Engineers.

12. Tolling agreement between ACC and Hurlen/MRC/RMC.

No such document exists other than the draft document previously produced.

13. All agreements relating or pertaining to potential cross-claims between Hurlen/MRC/RMC and ACC.

These are enclosed. (Doc. Nos. 50337-50345, 50297-50310).

14. Bank and accounting records for MRC/RMC showing the payment or disbursement of any funds received from the claims against the City of Homer for hard pile driving conditions.



EXHIBIT E
PAGE 3 OF 6

David W. Pease, Esq.
Clay A. Young Esq.
April 10, 2006
Page 4

      These documents are not relevant to the dispute. The previously produced settlement agreement provides information on Homer's payment.

      15. All correspondence from any law firm representing Hurlen, MRC, RMC or ACC concerning insurance coverage or analysis.

      Other than work prepared by our firm there is only one document responsive to this request. This documents is a privileged attorney client communication and attorney work product and will not be produced.

      16. All interpretations and analysis prepared by any law office concerning the purchase and sale agreement.

      We object to the extent this calls for privileged attorney client communications and attorney work product. Without waiving said objection, documents responsive to this request are produced herewith. (Doc. Nos. 50338-50342; 50346-50407).

      17. All interpretations and analysis prepared by any law office concerning the assignment and assumption agreement.

      We object to the extent this calls for privileged attorney client communications and attorney work product. Without waiving said objection, documents responsive to this request are produced herewith. (Doc. Nos. 50338-50340).

      18. All correspondence and analysis concerning the tender of the City of Homer claims by MRC or ACC to any of their insurers.

      All documents responsive to this request have previously been produced.

      19. All correspondence and analysis concerning the tender of the City of Homer claim against MRC or ACC to Dunkin and Bush, Calvert, and Theriault.

      All documents responsive to this request were previously provided.

      20. All payments into or out of any attorney trust funds or retainage accounts for any legal costs or fees arising out of the City of Homer litigation.

      Bills previously produced have this information.



EXHIBIT E
PAGE 4 OF 6

David W. Pease, Esq.
Clay A. Young Esq.
April 10, 2006
Page 5

  21. Unredacted copies of all other Oles Morrison invoices paid by ACC as reflected on some of the ACC check copies that have been produced.

   Please provide more specific identification. It is unlikely these will be produced in any form as work on other ACC matters is not relevant to this litigation.

  22. Who redacted the attorney's bills initially produced.

   Denise Berry.

   Jeff George supervised a paralegal of Hogan & Hartson

  23. Why any law firm other than Boyd, Chandler & Falconer, LLP responded or worked on responses to discovery requests or requests for information from Zurich or Travelers.

   It was more efficient to refer requests to other law firms. Some requests were made before Boyd, Chandler & Falconer, LLP was retained.

  24. Information to support the preparation or participation by any law firm other than Boyd, Chandler & Falconer, LLP in the depositions of either Grant Pool or Scott McKellar, and the mediation in San Francisco as a purported covered defense obligation under either Travelers or Zurich policy.

   ACC and MRC do not seek reimbursement for Mr. Longacre's time attending Mr. Pool's deposition. Mr. Longacre's attendance at Mr. McKellar's deposition and the mediation was necessary due to the potential for the deposition and mediation to impact Safeco's claims against Mr. McKellar.

  25. Information to support any law firm other than Boyd, Chandler & Falconer, LLP reviewing or analyzing coverage issues under either the Travelers or Zurich policies as an alleged covered defense cost under those policies.

   Please identify what particular time entries you are referring to.

  26. Any information that a defense was being provided to ACC for any counterclaims asserted by the City of Homer prior to the City of Homer serving its amended counterclaim in December 2004.

   The previously produced invoices are the best documentary evidence known at this time.



EXHIBIT E
PAGE 5 OF 6

David W. Pease, Esq.
Clay A. Young Esq.
April 10, 2006
Page 6

    27. Copy of the ACC/Dunkin and Bush paint repair spreadsheet.

    This will be produced if it exists.

    28. All information to support claim there is coverage under the Traveler's policy for legal work on the merger of RMC into MRC and for the preparation of related financials for that merger.

    Reimbursement for this legal work is not requested.

    29. All information concerning the Oles Morrison conflict on the Safeco matter.

    Information will be provided although it is not precisely clear what is being requested.

    30. Roy Longacre conflict letter.

    This is enclosed. (Doc. Nos. 50311-50312).

Very truly yours,

BOYD, CHANDLER &
FALCONER, LLP

BY: *[signature]*
Brooks W. Chandler

BWC\lf
Enclosures
lf.bc.acc.corr.counsel.ltr.041006f