OCT. 13. 2005  2:24PM   9282722                                             NO. 230   P. 4



**ZURICH**

October 13, 2005

Jody Randall
American Civil Constructors
225 Union Blvd, Suite 500
Lakewood, CO 80228

  RE: <u>MRC Holdings, Inc., et al. v. City of Homer, et al. and related actions</u>
    *Superior Court, State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-03-9770 Civil*
    Insured: American Civil Constructors [ACC]
    Claim No.: 926 0021811
    Policies: GLO 3495305, effective 7/01/03-04
    Date of Loss: (reported to be 7/1/03)

Zurich North America

Claims
P.O. Box 66965
Chicago, IL
60666-0965

Fax (856) 257-1205
http://www.zurichna.com

Dear Ms. Randall:

  American Civil Constructors West Coast (ACC) has tendered a counterclaim filed against it by the City of Homer to Zurich Insurance, seeking defense and indemnification under the above-referenced Zurich policy which provided general liability coverage to ACC from 7/1/03 to 7/1/04. Zurich has reviewed its policy, as well as certain documents provided to it by ACC and provides this reservation of rights letter based on its knowledge of this claim to date. There are other documents which Zurich has requested from ACC that have not yet been produced. Review of those documents or ACC's failure to produce them may alter Zurich's coverage position on the City of Homer counterclaim. If that occurs, Zurich will advise you in writing.

  In the course of investigating this claim for determination of its coverage position, Zurich was served with a declaratory judgment action. The named plaintiffs are American Civil Constructors West Coast, Inc. and MRC Holdings, Inc. f/k/a Hurlen Construction Company. It appears from the allegations of the complaint that MRC/Hurlen (MRC) is also now asserting a claim under Zurich's policy GLO 3495305-03 and GLO 3495305-02. MRC Holdings, Inc. and Hurlen were added as named insureds to these policies by endorsement.

EXHIBIT 25
PAGE 1 OF 3

10/18/2005 TUE 13:12 [TX/RX NO 5199] 011
OCT. 13. 2005  2:27PM    9282722                              NO. 230   P. 12

October 13, 2005
Page 9

> caused it; or (b) loss of use of tangible
> property that is not physically injured.
> All such loss of use shall be deemed to
> occur at the time of the "occurrence" that
> caused it.

The coating coming off the piling is physical injury to tangible property. It comes within the definition of "property damage." The City of Homer appears to be claiming for possible future loss of use of its dock if the pile coating is not repaired because the piling will corrode more quickly. This could involve the loss of use of tangible property if the entire dock becomes unusable because of increased corrosion of the piling. This claim, to the extent that it can be substantiated, would also come within the definition of "property damage" because under this definition, loss of use is deemed to occur at the time of the physical injury that caused it. In this case, the "occurrence" would be the loss of coating on the pilings. "Occurrence" includes by definition an accident, which has been broadly interpreted in Alaska to be anything that begins to be, that happens or that is a result which is not anticipated and is unforeseen and unexpected. While we do not have all of the information concerning the events that preceded the installation of pilings with potentially damaged coating, for purposes of our evaluation at this time, we assume that the delamination of the original coating constitutes an "occurrence." There is also information indicating that the repairs performed by the painting subcontractor were not performed according to protocol and manufacturer's instructions. That raises a question whether or not ACC knew that the repairs, as improperly undertaken, would not be successful. Our position at present is that the failure of the coating as initially applied and as repaired come within the definition of "occurrence" as used in the policy. This position may be subject to change or modification as we obtain additional information. It may be that there are separate "occurrences" for the delamination of the coating as initially applied and the later repairs performed by Dunkin and Bush.

Exclusion 1(A)(2)(j)(6) excludes "property damage" to

> (6) that particular part of any property
> that must be restored, repaired, or

EXHIBIT 25
PAGE 2 OF 3

Oct-18-2005 14:15  From-BURR PEASE & KURTZ  9072582530  T-285  P.011/022  F-091

October 13, 2005
Page 20

Very truly yours,
Zurich American Insurance Company

*Jack Hilbert*

Jack Hilbert
Senior Claim Specialist
1-800-239-4829, ext. 8697
FAX 1-866-257-1205

c:  Paul F. Matejzel
    Gallagher Construction Services, Inc.
    paul.matejzel@ajg.com

c:  William Yearsley
    American Civil Constructors
    byearsley@acconstructors.com

EXHIBIT 25
PAGE 3 OF 3