William M. Bankston, Arbitrator
Bankston Gronning O'Hara, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907-276-1711 tel.
907-279-5358 fax
Ak Bar No. 7111024
wbankston@bankston.to

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS ) <br> WEST COAST, INC. and MRC ) <br> HOLDINGS, INC. f/k/a HURLEN ) <br> CONSTRUCTION COMPANY, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY and TRAVELERS ) <br> INDEMNITY CO. OF AMERICA, ) <br> ) <br> Defendants. ) <br> _____) | Arbitrator William M. Bankston <br><br><br><br> **ARBITRATOR'S ORDER NO. 2** |

The arbitrator has received the Submission of Travelers Indemnity Company of America In Response To Submission of Plaintiff MRC Holdings, Inc. Motion For Summary Judgment dated July 28, 2006. MRC Holdings filed a responsive pleading on September 5, 2006.

On June 9, 2006, the Court appointed William M. Bankston as arbitrator. The Court, at paragraph 2 of its Order, defined the scope of the arbitration as follows:

> The scope of the arbitration is limited to the terms of the Partial Settlement Agreement. Docket 46-3. Specifically, the arbitrator shall resolve the 'disputed defense costs' described as 'Reserved Claims' in the Partial Settlement Agreement, and defined as 'claims

factual, legal, legal, contractual, policy, and/or statutory defenses to all issues relating or pertaining to the Reserved Claims.

The PSA specifically defines "Reserved Claims" to be defense costs related to the Homer claim including costs incurred by the Insureds in Safeco's third party action to the date of settlement with the City of Homer. The PSA provides at paragraph 4(c): "If the Carriers and Insureds are unable to reach agreement on disputed defense costs by March 3, 2006, the Carriers and Insureds shall confer on that date as to an arbitration in accordance with AS 21.89.100." This statute provides: "A dispute between the insurer and insured regarding attorney fees that is not resolved by the insurance policy or this section shall be resolved by arbitration under AS 09.43."

None of the parties have raised the issue of whether AS 09.43 (Revised Uniform Arbitration Act at AS 90.43.300-595), or the Uniform Arbitration Act at AS 09.43.010-170 applies to the arbitration. The Uniform Act is silent on whether motions for summary judgment are allowed. The Revised Act provides the arbitrator may decide a request for a summary disposition of a particular issue if all of the parties agree, or upon the request of one party, if that party gives notice to other parties in the proceeding and the other parties have a reasonable opportunity to respond.[1]

The Court did not grant broad powers to the arbitrator as provided in the Revised Act. For example, the Court retained jurisdiction over discovery disputes, which as a routine matter, would be determined by the arbitrator.[2]

Based upon the Court's Order, the definition of Reserved Claims in the PSA, and the Revised Act, the arbitrator concludes the Court did not grant the arbitrator the power to decide MRC Holdings' request for a motion for partial summary judgment that Travelers

---

[1] AS 09.43.420(b)(1)-(2).
[2] AS 09.43.440(c)-(d).

ARBITRATOR'S ORDER NO. 2
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 2                                                                 Page 3 of 4

owes a duty to defend Hurlen from the costs asserted against Hurlen by the City of Homer.[3]

The arbitrator will resolve the disputed defense costs, if any, which are defined as "claims against the Carriers for payment of defense costs related to the Homer Claim …through the date of settlement with the City of Homer, whether based upon the alleged breach of duty to defend or improper allocation of costs between covered and non-covered claims."

DATED this 8th day of September, 2006.

William M. Bankston, Arbitrator

I HEREBY CERTIFY that a true and correct copy of the foregoing (typed in Times New Roman 13) was mailed to the following attorneys on the 8th day of September, 2006:

Brooks W. Chandler, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue
Anchorage, Alaska 99501

David W. Pease, Esq.
Burr, Pease & Kurtz, P.C.
810 N Street
Anchorage, Alaska 99501

Clay A. Young, Esq.
Delaney Wiles Hayes Gerety Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501

Charlene Vozar

---

[3] MRC Holdings has stated that Travelers routinely disputes all of the defense costs because it has no duty to defend. The arbitrator, without any briefing by Travelers concerning its position, will assume that Travelers disputes all defense costs.

ARBITRATOR'S ORDER NO. 2
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)