Brooks W. Chandler, Esq.
State Bar No. 8310109
BOYD, CHANDLER & FALCONER, LLP
825 W. 8th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 272-8401
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY <br><br> Plaintiffs, <br><br> vs. <br><br> ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY OF AMERICA <br><br> Defendants. | Case No. A05-153 CV (JWS) |

**AFFIDAVIT OF BROOKS W. CHANDLER**

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

BROOKS W. CHANDLER, being first duly sworn upon oath, deposes and states as follows:

1.  I am the counsel of record for Plaintiffs MRC Holdings, Inc. f/k/a Hurlen Construction Company ("Hurlen") and American Civil Constructors West Coast Inc.

AFFIDAVIT OF BROOKS W. CHANDLER        1

("ACC") in the above-captioned action. The statements made below are based on my personal knowledge.

2. The documents marked as Exhibits 2, 9, 10, 12, 13, and 24 are true and accurate copies of Hurlen records related to Hurlen's construction of a dock facility in Homer, Alaska for the City of Homer.

3. The documents marked as Exhibits 15, 16, 17 and 18 are true and accurate copies of pleadings and court orders, filed in Case No. 3AN-03-9770 Civil, in the Superior Court for the State of Alaska.

4. The documents marked as Exhibits 3, 4 and 5 are true and accurate copies of portions of the 2001-2002 Traveler's policy no. DT-CO-348K1567-TIA-01 issued to Hurlen by Travelers.

5. The documents marked as Exhibits 6, 7, 8, and 11 are true and accurate copies of excerpts of the construction contract documents, plans, and project specifications for the Kachemak Bay Multi-Purpose Ocean Dock project obtained from the business records of Hurlen and ACC.

6. The documents marked as Exhibits 1, 14, 19, 20, 21, 22 and 23 are true and accurate copies of materials provided to Hurlen by Travelers as part of Travelers' initial disclosures in this matter.

Further your affiant sayeth naught.

Dated this 7th day of November, 2005.

BOYD, CHANDLER & FALCONER, LLP

BY: _____
BROOKS W. CHANDLER

SUBSCRIBED AND SWORN to before me this 7th day of November, 2005.

_____
Notary Public in and for Alaska
My Commission Expires: 02/03/09

AFFIDAVIT OF BROOKS W. CHANDLER    2

**CERTIFICATE OF SERVICE**

This is to certify that on November 7, 2005, a true and correct copy of the above-referenced document was hand-delivered to:

David W. Pease, Esq.
Burr, Pease & Kurtz, PC
810 "N" Street
Anchorage, AK 99501

Clay A. Young Esq.
Delaney, Wiles, Hayes, et al
1007 W. Third Avenue; Suite 400
Anchorage, AK 99501

BY: _____
Lynn Harris Ford

OYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
825 WEST EIGHTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
TELECOPIER: (907) 274-3698

AFFIDAVIT OF BROOKS W. CHANDLER         3

Brooks W. Chandler, Esq.
State Bar No. 8310109
BOYD, CHANDLER & FALCONER, LLP
825 W. 8th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 272-8401
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY<br><br>    Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY OF AMERICA<br><br>    Defendants. | Case No. A05-153 CV (JWS) |

### NOTICE OF FILING SCANNED COPY OF THE AFFIDAVIT OF GRANT POOL

**COME NOW** Plaintiffs, by and through their attorneys of record Boyd, Chandler & Falconer, LLP, and provide notice that they have filed a scanned copy of the

NOTICE OF FILING SCANNED AFFIDAVIT
lr.bc.acc.Aff.110405f

1

above-referenced affidavit. The original, signed affidavit will be filed immediately upon receipt thereof.

Dated this 7th day of November, 2005.

BOYD, CHANDLER & FALCONER, LLP

BY: _____
BROOKS W. CHANDLER
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify that on November 7, 2005,
a true and correct copy of the above-referenced
document was hand-delivered to:

David W. Pease, Esq.
Burr, Pease & Kurtz, PC
810 "N" Street
Anchorage, AK 99501

Clay A. Young Esq.
Delaney, Wiles, Hayes, et al
1007 W. Third Avenue; Suite 400
Anchorage, AK 99501

BY: _____
Lynn Harris Ford

NOTICE OF FILING SCANNED AFFIDAVIT
lr.bc.acc.Aff.110405f

Brooks W. Chandler, Esq.
State Bar No. 8310109
BOYD, CHANDLER & FALCONER, LLP
825 W. 8th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 272-8401
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

AMERICAN CIVIL CONSTRUCTORS WEST )
COAST, INC. and MRC HOLDINGS, INC. )
f/k/a HURLEN CONSTRUCTION )
COMPANY )
)
)
)
)
                       Plaintiffs, )   Case No. A05-153 CV (JWS)
)
)
vs. )
)
ZURICH AMERICAN INSURANCE )
COMPANY and TRAVELERS INDEMNITY )
COMPANY OF AMERICA )
)
)
                       Defendants. )
)

**AFFIDAVIT OF GRANT POOL**

STATE OF WASHINGTON   )
                               ) ss.
COUNTY OF KING           )

    Grant Pool, being first duly sworn upon oath, deposes and states as follows:

    1. My name is Grant Pool. I am employed by American Civil Constructors West Coast Inc. The statements below are based on my personal knowledge.

1

2. In 2001 and the first part of 2002 I was employed by Hurlen Construction Company ("Hurlen") and was the project manager for the Homer Dock project. As project manager I was and am familiar with the requirements for the pile used to support the Homer Dock and the scope of the work Hurlen required from Theriault Industries Inc. ("Theriault") to fabricate the piles for use on the Project.

3. Hurlen requested specific lengths of piles from Theriault based on the specifications for the project which required each pile to reach a specific tip elevation at a specified location after driving. Thus, each pile was for a specific designated location. The piles were not off the shelf items but had to be specifically manufactured by Theriault for this project.

4. Theriault had to order piles from a pile supplier. After receiving the pile at their facility, Theriault then had to cut and weld the piles to construction ready lengths with the configurations required by the specifications.

5. Each of the piles had a designated end configuration which Theriault had to put on the piles. Many piles required a round end plate welded to the bottom, on others Theriault had to install a conical tip (intended to allow the pile to displace rocks during pile driving operations), while a third group of piles had fins/cleats added to them to create sufficient seismic uplift capacity.

7. Theriault also was responsible for preparing the piles for coating and for coating the piles. The coating length was different for each of the piles with the requirement that the coating be 20 feet below mud line after driving. The piles were not coated full length.

8. Before coating, the piles had specific surface preparation requirements, including blasting the surface, to clean it and create a roughed profile to a certain depth for coating

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
825 WEST EIGHTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
TELECOPIER: (907) 274-3698

2

adherence. Surface preparation involved sending the pile through a wheelabrator. The wheelabrator projects a mixture of grit and shot at the pile through centrifugal force. The projected grit and shot clean and "rough up" the pile to the specified depth. Several other steps are taken to prepare the surface.

9. After the surface was prepared, coating was to be applied in accordance with project specifications. The coating was intended as part of an overall corrosion system to protect the piles from corrosion. Coating was accomplished using a paint spraying machine. Two coats were required. After coating, the piles were then shipped to Alaska for installation.

10. In the spring of 2002, after the majority of the dock had been accepted by Homer and was being used by the Coast Guard, I saw that the coating on the pile was coming off in certain locations. Later the City of Homer asserted that the reason the coating was coming off was because of improper surface preparation during the original coating.

11. There were 137 piles in the Phase 1 portion of the Project. The total lineal feet of coated pile in phase 1 was 9,054. This is 81 per cent of the 11,244 total lineal feet of coated pile used in the Homer Dock project.

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

Dated this 4th day of November, 2005.

_____
Grant Pool

**SUBSCRIBED AND SWORN** to before me this 4th day of November, 2005.

_____
Notary Public in and for Washington
My Commission Expires: 11-13-05

BOYD, CHANDLER & FALCONER, LLP
ATTORNEYS AT LAW
825 WEST EIGHTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 272-8401
TELECOPIER: (907) 274-3698

3

Brooks W. Chandler, Esq.
State Bar No. 8310109
BOYD, CHANDLER & FALCONER, LLP
825 W. 8th Avenue, Suite 200
Anchorage, Alaska 99501
(907) 272-8401
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY<br><br>Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY OF AMERICA<br><br>Defendants. | Case No. A05-153 CV (JWS) |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

After consideration of the motion for partial summary judgment filed by plaintiffs MRC Holdings, Inc, f/k/a Hurlen Construction Company ("Hurlen"), and American Civil Constructors West Coast, Inc. and the pleadings, memoranda and exhibits of the parties relating thereto, it is hereby ordered that the motion is **GRANTED.** The court finds and declares that Travelers Indemnity Company of

ORDER GRANTING PARTIAL SUMMARY JUDGMENT
lf.bc.acc.pldgs.PMSJ.ORD.110405

1

America ("Travelers") owes a duty to defend Hurlen from the claims asserted against Hurlen by the City of Homer in Case No. 3AN-03-9770 Civil.

Dated this ____ day of _____, 2005.

_____
HON. JOHN SEDWICK
U. S. District Court Judge

**CERTIFICATE OF SERVICE**

This is to certify that on November 7, 2005,
a true and correct copy of the above-referenced
document was hand-delivered to:

David W. Pease, Esq.
Burr, Pease & Kurtz, PC
810 "N" Street
Anchorage, AK 99501

Clay A. Young Esq.
Delaney, Wiles, Hayes, et al
1007 W. Third Avenue; Suite 400
Anchorage, AK 99501

BY: _____
Lynn Harris Ford

ORDER GRANTING PARTIAL SUMMARY JUDGMENT
lf.bc.acc.pldgs.PMSJ.ORD.110405