SEATTLE FILE COPY

Peter N. Ralston
Christine V Williams
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106
Fax: (907) 682-6234

Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MRC HOLDINGS, INC., a Washington corporation, and AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC., a foreign corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF HOMER, an Alaska municipal corporation; SHANNON & WILSON, INC., a foreign corporation; TRYCK NYMAN HAYES, INC., an Alaska corporation, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3AN-03-_9770_ Civil |

COMPLAINT FOR BREACH OF CONTRACT AND NEGLIGENCE

EXHIBIT 15
PAGE 1 OF 15
P001633

## I. PARTIES

1. Plaintiff MRC Holdings, Inc., is a Washington corporation formerly known as Hurlen Construction Company ("Hurlen"). MRC has an interest in the contract claims at issue in this litigation.

2. Plaintiff American Civil Constructors West Coast, Inc. ("ACC West Coast"), is a California corporation. ACC West Coast is a successor in interest to Hurlen Construction Company which is a party to the contract at issue in this lawsuit (referred to herein as "Hurlen").

3. Hurlen and ACC West Coast at all relevant times were duly licensed contractors in the State of Alaska and have paid all fees and taxes required to maintain this action.

4. Defendant City of Homer ("City") is an Alaska municipal corporation.

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 2

EXHIBIT 15
PAGE 2 OF 15

P001634

5. Defendant Shannon & Wilson, Inc. ("Shannon & Wilson") is a Washington corporation, which does business in Anchorage, Alaska.

6. Defendant Tryck Nyman Hayes, Inc. ("Tryck Nyman") is an Alaska corporation, which does business in Anchorage, Alaska.

## II. JURISDICTION AND VENUE

7. This court has jurisdiction over the parties and subject matter of this litigation.

8. Venue is proper in the Third Judicial District at Anchorage.

## III. FACTS

9. In January 2001, the City issued for bid the Kachemak Bay Multi-Purpose Ocean Dock project, Project No. 75267/STP-021-1-(40) ("Project"). Bids were opened on March 1, 2001. Hurlen was awarded the contract. Project construction

*MRC, INC. v. City of Homer,* et al
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 3

EXHIBIT 15
PAGE 3 OF 15

P001635

was scheduled for completion on October 15, 2002, with the first phase to be completed by December 31, 2001.

10. The Project included the construction of a new concrete and steel dock including two approach trestles, two berthing dolphins, cat walks, a mooring dolphin, partial demolition and reconstruction of the existing timber dock and utility systems, relocating an underwater rubble mound, lighting and water service.

11. The City entered into a contract with Tryck Nyman to provide design engineering services and construction management services for the City on the project.

12. It is believed and therefore alleged that Defendant Shannon & Wilson was hired as the geotechnical consultant to Tryck Nyman to perform the soils investigation and engineering design recommendations for the dock foundation.

13. The principal contract documents, all of which were prepared exclusively by the City, directly or through its engineering consultants, consisted, among other items, of an

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 4

EXHIBIT 15
PAGE 4 OF 15
P001636

invitation to bid, bid notices and forms, contract provisions, specifications and drawings. These documents are very extensive and detailed and total hundreds of pages. In part, these documents define the work which was to be performed, contain representations concerning the physical conditions to be encountered at the worksite, provided instructions as to how the work was to be carried out, detailed ways and means by which the City and its agents would participate and/or assist in carrying out the work, and detailed designs, methods and means by which the contractor was to perform its work.

14. The work under the Contract, together with modifications, has been performed and the project is complete, except for minor punch list work.

15. In addition to the express promises of duties and obligations to be performed by the City during the course of the Contract, the City also impliedly warranted, among other things, that it would not hinder or delay Hurlen, that its plans and specifications were adequate for their intended purpose, and that use of specified methods of performance, equipment and materials would achieve the intended purpose and desired result.

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 5

EXHIBIT 15
PAGE 5 OF 15
P001637

The City impliedly warranted that the work could be performed within the time required by use of ordinary construction methods. In fact, the project could not be performed by the methods and equipment prescribed in the contract documents nor within a reasonable time and in accordance with ordinary construction methods. Without limitation, the piling designed by the City and its agents and specified equipment were inappropriate to the conditions encountered.

16. During the course of performance of the Contract, Hurlen encountered changes, constructive changes and differing site conditions, which adversely affected the time and cost of its work.

17. During the course of Hurlen's performance of its work for the City, the City and/or its agents breached its express and implied obligations to Hurlen. In part, these breaches were a consequence of defective specifications and project maladministration on the part of the City and/or its agents, which included without limitation: failing to revise and/or change defective specifications and drawings, making unreasonable interpretations of the contract requirements and

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 6

EXHIBIT 15
PAGE 6 OF 15

P001638

documents, and requiring work outside the contract requirements, all of which constituted breaches of express or implied obligations the City owed to Hurlen.

18. As a result of the changes, constructive changes and differing site conditions, as well as breaches of express and implied obligations under the contract, Hurlen is entitled to an equitable adjustment to the contract and to be paid its additional costs and time on the contract.

19. In addition to the bases for claim above, Hurlen believes additional material information relating to the pile driving operation was in the possession of the City and/or its agents which was not disclosed to Hurlen either before or during the course of the work. This withheld information would have affected the method, manner and anticipated course of performing the project by Hurlen.

20. It is believed and therefore alleged that the defective pile driving specification and project maladministration also resulted in the finished dock not meeting its design load criteria.

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 7

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

EXHIBIT 15
PAGE 7 OF 15
P001639

21. Hurlen is entitled to an equitable adjustment of the contract amount under the appropriate terms of the contract for the defective pile driving specifications and failure of the piling process. In the alternative, Hurlen is entitled to the damages it incurred due to the breaches and omissions of the City and/or its agents with regard to its express and implied obligations under the contract and for failure to disclose material information.

22. Hurlen submitted a request for equitable adjustment to the City seeking additional compensation for the failure of the pile driving process. The City has denied Hurlen's request.

23. Hurlen has done and performed all things which are or may be conditions precedent to the commencement of this action.

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 8

EXHIBIT 15
PAGE 8 OF 15

P001640

## IV. FIRST CAUSE OF ACTION
(Equitable Adjustment and/or Breach by the City of Homer)

24. Paragraphs 1 through 23 are realleged as if fully set forth herein.

25. As specified above, the failure of the City to provide adequate plans and specifications and other actions described above constitutes a breach of the express and implied obligations under the contract entered into for the Project.

26. As a result of said breach, Hurlen has been damaged in an amount to be proven at trial.

## V. SECOND CAUSE OF ACTION
(Negligence by Tryck Nyman)

27. Paragraphs 1 through 26 are realleged as if fully set forth herein.

28. Defendant Tryck Nyman's failure to provide adequate plans and specifications and its direction regarding

the pile driving activities falls below the standard of care for an engineering professional for this type of work.

29. From the very outset of the work, Hurlen was disrupted by the acts, errors, and omissions of Tryck Nyman, including but not limited to the preparation of plans and specifications containing extensive deficiencies, the failure to respond by issuing design clarification and revisions in a timely and proper fashion, failure to adequately investigate and address the differing site conditions encountered, and failure to properly and timely administer the contract on behalf of the City.

30. As a result of said actions and its failure to adhere to applicable professional standards, defendant Tryck Nyman: (a) committed professional malpractice; (b) negligently performed its duties damaging Hurlen; (c) interfered with the contractual relationships of the City and Hurlen; (d) committed intentional and/or negligent misrepresentation; and (e) intentionally or negligently withheld pertinent and crucial information. Consequently, the work of Hurlen on the Project

EXHIBIT 15
PAGE 10 OF 15
P001642

was disrupted in ways including, but not limited to, the following:

- lack of direction, erroneous plans/specifications, and inadequate clarification and direction from Tryck Nyman;

- the need for changes in excess of those reasonably contemplated by the parties;

- unchanged work was made more costly and considerable portions of the work was delayed into adverse weather conditions; and

- acceleration became necessary to make up for said delays caused by these events.

31. As a result of Defendant Tryck Nyman's negligent conduct, Hurlen has been damaged in an amount to be proven at trial.

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 11



EXHIBIT 15
PAGE 11 OF 15

P001643

## VI. THIRD CAUSE OF ACTION
(Negligence by Shannon & Wilson)

32. Paragraphs 1 through 31 are realleged as if fully set forth herein.

33. Defendant Shannon & Wilson's failure to provide adequate plans and specifications and its involvement of the pile driving activities falls below the standard of care for an engineering professional for this type of work.

34. From the very outset of the work, Hurlen was disrupted by the acts, errors, and omissions of Shannon & Wilson, including but not limited to the preparation of plans and specifications contained extensive deficiencies and the failure to respond by issuing design clarification and revisions in a timely and proper fashion, and failure to investigate and address the differing site conditions encountered.

35. As a result of said actions and its failure to adhere to applicable professional standards, defendant Shannon & Wilson: (a) committed professional malpractice; (b) negligently

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 12

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519



EXHIBIT 15
PAGE 12 OF 15

P001644

performed its duties damaging Hurlen; (c) interfered with the contractual relationships of the City and Hurlen; (d) committed intentional and/or negligent misrepresentation; and (e) intentionally or negligently withheld pertinent and crucial information. Consequently, the work of Hurlen on the Project was disrupted in ways including, but not limited to, the following:

- lack of direction, erroneous plans/specifications, and inadequate clarification and direction from Shannon & Wilson;

- the need for changes in excess of those reasonably contemplated by the parties;

- unchanged work was made more costly and considerable portions of the work was delayed into adverse weather conditions; and

- acceleration became necessary to make up for said delays caused by these events.

*MRC, INC. v. City of Homer, et al*
COMPLAINT FOR BREACH OF CONTRACT
AND NEGLIGENCE -- Page 13

EXHIBIT 15
PAGE 13 OF 15
P001645

36. As a result of Defendant Shannon & Wilson's negligent conduct, Hurlen has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff Hurlen prays for the following relief:

1. For award of damages in favor of Plaintiff Hurlen against Defendant City for equitable adjustment to its contract and/or for breach of contract;

2. For award of damages in favor of Plaintiff Hurlen against Defendant Tryck Nyman's for its negligent conduct;

3. For award of damages in favor of Plaintiff Hurlen against Defendant Shannon & Wilson's for its negligent conduct;

4. For an award of interest, attorneys' fees and costs against Defendants;

EXHIBIT 15
PAGE 14 OF 15
P001646

5. For such other relief deemed as the Court deems just.

Dated: July 24th, 2003

OLES MORRISON RINKER & BAKER LLP
Attorneys for MRC Holdings, Inc.

By: /s/ Christine VW
Peter N. Ralston
Alaska Bar No. 9503005
Christine V. Williams
Alaska Bar No. 0204007

F:\SeattleWork\P-TRK Complaint 081110012.doc

EXHIBIT 15
PAGE 15 OF 15

P001647