IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MRC HOLDINGS, INC., a Washington corporation, and AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC., a foreign corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HOMER, an Alaska municipal corporation, SHANNON & WILSON, INC., a foreign corporation, TRYCK NYMAN HAYES, INC., an Alaska corporation,<br><br>    Defendant.<br><br>CITY OF HOMER, an Alaska municipal corporation,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>MRC HOLDINGS, INC., a Washington corporation, and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Counterclaim Defendants. | Case No. 3AN-03-9770 Civil |

## ANSWER AND SECOND AMENDED COUNTERCLAIM BY THE CITY OF HOMER

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 1 of 15

P001654

[13126-1654-000000/AA043020.018]

DEC-29-2004  13:53            9072763108     EXHIBIT  17    97%       P.04
                                             PAGE 1 OF 15

Defendant City of Homer ("Answering Defendant") responds to Plaintiffs' Complaint as follows:

1. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies these allegations.

2. Answering Defendant admits that Hurlen Construction Company ("Hurlen") and the City of Homer entered into a contract at issue in this lawsuit, wherein Hurlen agreed to do all the work and furnish all the materials necessary for the construction of the Kachemak Bay multi-purpose ocean dock. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2 and therefore denies these allegations.

3. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies these allegations.

4. Answering Defendant admits the allegations contained in paragraph 4 of the complaint.

5. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies these allegations.

6. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies these allegations.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 2 of 15

P001655

[13126-1654-000000/AA043020.018]

DEC-29-2004 13:53        9072763108        EXHIBIT 17    97%        P.05
                                           PAGE 2 OF 15

7. Answering Defendant admits the allegations contained in paragraph 7 of the complaint.

8. Answering Defendant denies the allegations contained in paragraph 8 of the complaint.

9. Answering Defendant admits that the City of Homer and Hurlen entered into a contract, wherein Hurlen agreed to construct the Kachemak Bay Multi-Purpose Ocean Dock (the "Construction Contract"), and admits that the Construction Contract provided for substantial completion of Phase 1 by 12/31/01 and for completion of the Construction Contract in all respects by 10/15/02.

10. The Construction Contract between Hurlen and the City of Homer is the best evidence of the scope of work required of Hurlen therein. Plaintiffs' characterization of what the project included is therefore denied.

11. Answering Defendant admits that the City of Homer and Tryck Nyman Hayes, Inc. entered into a contract to provide professional services in connection with the Kachemak Bay Multi-Purpose Dock Project (the "Design Contract"). The Design Contract is the best evidence of Tryck Nyman Hayes, Inc.'s scope of work and accordingly Plaintiffs' allegations regarding the scope of that work are denied.

12. Answering Defendant admits that Shannon & Wilson, Inc. contracted with Tryck, Nyman and Hayes as a subconsultant. The contract between Tryck, Nyman and Hayes and Shannon & Wilson is the best evidence of its terms, and Answering Defendant therefore denies the remainder of Plaintiffs' allegations.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 3 of 15

P001656

[13126-1654-000000/AA043020.018]

DEC-29-2004  13:53          9072763108        EXHIBIT 17   97%          P.06
                                              PAGE 3 OF 15

13. The Construction Contract between Hurlen and the City of Homer identifies the contract documents and is the best evidence of its contents and sources of preparation. Accordingly, the allegations in paragraph 13 of the complaint are denied.

14. Answering Defendant denies that the work under the Construction Contract has been performed according to the Construction Contract documents and further denies that the project is complete but for "minor punchlist work." Hurlen failed to properly install corrosion protective coatings on the pilings supporting the dock and, despite notice and demand from the City of Homer, has failed to correct said defects in its performance. Further, Hurlen has failed to complete performance of other items of work, as identified in a letter and punchlist dated June 23, 2003, necessary to be completed for the Construction Contract.

15. Answering Defendant denies the allegations contained in paragraph 15 of the complaint.

16. Answering Defendant denies the allegations contained in paragraph 16 of the complaint.

17. Answering Defendant denies the allegations contained in paragraph 17 of the complaint.

18. Answering Defendant denies the allegations contained in paragraph 18 of the complaint.

19. Hurlen's statement of belief in paragraph 19 is not an allegation to which a responsive statement is required and accordingly the averment in paragraph 19 is denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 4 of 15

P001657
[13126-1654-000000/AA043020.018]

DEC-29-2004  13:53           9072763108       EXHIBIT 17   97%        P.07
                                              PAGE 4 OF 15

20. Answering Defendant denies the allegations contained in paragraph 20 of the complaint.

21. Answering Defendant denies the allegations contained in paragraph 21 of the complaint.

22. Answering Defendant admits that Hurlen made a verbal presentation to the City of Homer seeking an increase in the Construction Contract price, that Hurlen subsequently characterized its verbal presentation as a request under the Construction Contract for equitable adjustment, and admits that the City of Homer has denied Hurlen's request for equitable adjustment for the reason that said request is without merit.

23. Answering Defendant denies the allegations contained in paragraph 23 of the complaint. Hurlen has failed to correct material defects in its work and failed to complete the Construction Contract.

24. Answering Defendant hereby incorporates paragraphs 1-23 above as through fully set forth herein and further allege as follows.

25. Answering Defendant denies the allegations contained in paragraph 25 of the complaint.

26. Answering Defendant denies the allegations contained in paragraph 26 of the complaint.

27. Answering Defendant hereby incorporates paragraphs 1-26 above as through fully set forth herein and further allege as follows.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 5 of 15

P001658

[13126-1654-000000/AA043020.018]

EXHIBIT 17
PAGE 5 OF 15

DEC-29-2004  13:54    9072763108                    97%                    P.08

28. The allegations in the complaint at paragraphs 28-31 are directed to defendant Tryck, Nyman Hayes, Inc., and accordingly no responsive statement by the City of Homer is required. To the extent a response is required, the averments are denied.

29. See response to paragraph 28, above.

30. See response to paragraph 28, above.

31. See response to paragraph 28, above.

32. Answering Defendant hereby incorporates paragraphs 1-31 above as through fully set forth herein and further allege as follows.

33. Plaintiffs' averments in paragraphs 33-36 are directed to Defendant Shannon & Wilson, Inc. and, accordingly, no responsive statement by the City of Homer is required. To the extent a response is required, the averments are denied.

34. See response to 33, above.

35. See response to 33, above.

36. See response to 33, above.

## AFFIRMATIVE DEFENSES

37. Plaintiffs' allegations fail to state a claim upon which relief can be granted.

38. Plaintiffs MRC Holdings, Inc. and American Civil Constructors West Coast lack standing and/or capacity to bring suit or are not real parties in interest.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 6 of 15

P001659

[13126-1654-000000/AA043020.018]

DEC-29-2004   13:54           9072763108   EXHIBIT  17   97%                P.09
                                           PAGE 6 OF 15

39. Plaintiffs' claims are barred by AS 08.18.151. Neither of the Plaintiffs was a licensed, registered contractor in Alaska at the time of contracting for the performance of the work.

40. Hurlen failed to give notice of its claims as required by the Construction Contract.

41. Plaintiffs' claims have been released by Hurlen.

42. Plaintiffs' claims fail for lack of consideration, in that Hurlen has failed to correct defective work and failed to complete its work under the Construction Contract.

43. Plaintiffs' claims are subject to offset for the City's costs of repairing Hurlen's defective work and completing the Construction Contract and for the loss of value due to the defective work.

44. Plaintiffs' claims against the City are barred by the doctrine of municipal immunity.

45. Plaintiffs' damages are subject to the doctrines of comparative fault or equitable apportionment.

46. Plaintiffs' damages, if any, were caused in whole or in part by the actions of third persons over whom the City had no right or duty to control.

47. The City of Homer reserves the right to amend its Answer to assert additional affirmative defenses as discovery may indicate.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 7 of 15

P001660

[13126-1654-000000/AA043020.018]

EXHIBIT 17
PAGE 7 OF 15

DEC-29-2004 13:54 9072763108 97% P.10

## COUNTERCLAIM AGAINST
## MRC HOLDINGS, INC., FORMERLY KNOWN
## AS HURLEN CONSTRUCTION COMPANY

48. On or about April 10, 2001, the City of Homer and Hurlen Construction Company ("Hurlen") entered into a contract for the performance of certain work related to the Kachemak Bay Multi-Purpose Ocean Dock.

49. The Construction Contract required Hurlen to perform all the work and furnish all the materials and machinery, in full compliance with the contract documents for the project.

50. Hurlen has failed to perform its contractual obligations because:

    (a) Hurlen failed to properly perform corrosive coating protection work on the pilings supporting the dock; and

    (b) Hurlen failed to complete the punch list under the Construction Contract.

51. Despite demand, Hurlen has failed and refused to correct its defective performance of corrosive coating application.

52. As a result of Hurlen's breaches of the Construction Contract as set forth above, the City of Homer has and will be damaged by the costs to correct and complete Hurlen's work and/or by the failure by Hurlen to provide a dock free from corrosion for the expected life cycle of the project.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 8 of 15

P001661

[13126-1654-000000/AA043020.018]

DEC-29-2004 13:54 9072763108 EXHIBIT 17 97% P.11
PAGE 8 OF 15

## CLAIM AGAINST AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC., SUCCESSOR IN INTEREST TO HURLEN'S CONTRACT WITH THE CITY

53. The City of Homer hereby incorporates paragraphs 1-52 of the Answer and Counterclaim above, as though fully set forth herein and further alleges as follows.

54. On or about April 10, 2001, the City of Homer and Hurlen Construction Company ("Hurlen") entered into a contract for the performance of certain work related to the Kachemak Bay Multi-Purpose Ocean Dock.

55. On or about June 7, 2002, American Civil Constructors West Coast, Inc. ("ACC") purchased Hurlen's assets and liabilities, and assumed Hurlen's rights and obligations to the City of Homer under its Contract with the City to construct the Kachemak Bay multi-purpose ocean dock (the "Project").

56. ACC owes a duty to the City of Homer for the performance of the work on the Project in accordance with the terms and conditions of the Contract.

57. The Contract in particular requests ACC to install steel piles with anti-corrosion coating provided in strict accordance with the Contract's specifications at Section 913 to protect the piles from corrosion in the marine environment at Homer, Alaska.

58. The Contract requires ACC to perform all the work and furnish all the materials and machinery, in full compliance with the contract documents for the Project.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 9 of 15

P001662

[13126-1654-000000/AA043020.018]

DEC-29-2004   13:55                9072763108   EXHIBIT 17    97%                P.12
                                                PAGE 9 OF 15

59. The Contract further requires ACC:

(a) At Addendum 3, Section 913, to conduct anti-corrosion coating work according to specifications.

(b) At General Provision, Section 10.05, Article 5.20, to correct the defective performance of its workmanship.

(c) At General Provision, Section 10.03, Article 3.10, to guaranty and warrant the work from defects for a period of one year following completion.

60. ACC has failed to perform its contractual obligations in that:

(a) ACC failed to properly perform anti-corrosion coating work on the piles in full compliance with Contract Addendum 3, Section 913, by:

    i. Failing to comply with the quality control and quality assurance requirements of the Contract;

    ii. Failing to properly prepare the surface of the steel piles for the anti-corrosion coating at the shop;

    iii. Failing to properly apply, cure, and protect the anti-corrosion coating at the shop;

    iv. Failing to properly handle, store, and transport coated piles prior to their installation; and

    v. Failing to properly perform anti-corrosion coating work on the pilings during field repairs in Homer.

(b) Despite demand, ACC has breached Contract General Provision, Section 10.05, Article 5.20, by failing and refusing to correct its defective

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 10 of 15

P001663

[13126-1654-000000/AA043020.013]

DEC-29-2004  13:55                9072763108            EXHIBIT 17      97%              P.13
                                                         PAGE 10 OF 15

performance of anti-corrosion coating application and failing to complete the punch list under the Contract.

(c) ACC has breached Contract General Provision, Section 10.03, Article 3.10, by refusing to perform its warranty obligations to repair defects appearing in the workmanship of the anti-corrosion coating system within one year of the completion.

61. ACC's breach of the Contract as set forth above has damaged the City of Homer in an amount to be established at trial.

## CLAIM AGAINST SAFECO INSURANCE COMPANY OF AMERICA

### Count I

62. Defendant City of Homer hereby incorporates paragraphs 1-61 of the Answer and Claim above, as though fully set forth herein and further alleges as follows.

63. Safeco Insurance Company of America, Inc. ("Safeco") is a for-profit surety company writing construction bonds in Alaska and is in all ways amenable to suit in this court.

64. Safeco as surety and Hurlen as principal entered into an agreement, Performance Bond No. 6069173 (hereinafter "Performance Bond"), wherein Safeco bound itself to the City of Homer for Hurlen's performance of the contract for the construction of the Kachemak Bay multipurpose ocean dock. A copy of the Performance Bond is attached to this claim as Exhibit 1.

65. Safeco's obligations to the City of Homer under the bond have remained in full force and effect after the assumption of the work by ACC.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 11 of 15

P001664

[13126-1654-000000/AA043020.018]

DEC-29-2004　13:55　9072763108　EXHIBIT 17　97%　P.14
PAGE 11 OF 15

66. ACC/Hurlen failed to perform its duties owed to the City under the Contract, in that ACC/Hurlen, despite demand, failed to perform the work in accordance with the Contract, failed to correct defects in the work, and failed to perform its warranty obligations.

67. The City has demanded Safeco's performance under the Performance Bond, and Safeco has failed and refused to perform its obligations under the Performance Bond.

68. Pursuant to the terms of the Performance Bond, Safeco is liable to the City of Homer up to the penal limit of the Bond for the City's costs incurred as a result of ACC/Hurlen's failure to perform the duties under the contract.

### Count II

69. Defendant City of Homer hereby incorporates paragraphs 1-68 of the Answer and Claim above, as through fully set forth herein and further alleges as follows.

70. The Construction Contract provided for the City to retain from progress payments ten percent (10%) of said payments to offset costs or charges the City might incur as a result of, among other costs, correcting incomplete or defective work.

71. Safeco as surety and Hurlen as principal entered into an agreement, Release of Retainage Bond, Bond No. 6069178 (hereinafter "Retainage Bond"), wherein Safeco bound itself to the City of Homer for Hurlen's promise to the City to indemnify and hold the City harmless for all loss that the City as obligee may sustain by

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 12 of 15

P001665

[13126-1654-0000000/AA043020.018]

DEC-29-2004  13:55  9072763108  EXHIBIT 17  97%  P.15
PAGE 12 OF 15

reason of release of retainage to the Principal. A copy of the Retainage Bond is attached to this Counterclaim as Exhibit 2.

72. The penal sum of the Retainage Bond given by Safeco is $1,103,200.

73. Safeco's obligations to the City of Homer under the Retainage Bond have remained in full force and effect after the assumption of the work by ACC.

74. As provided by the terms of the Retainage Bond, the City released the ten percent (10%) retainage to contracts in progress payments made during the performance of the contract.

75. But for the release of retainage, the City would have retained Construction Contract funds of up to $1,103,200, (10% of the contract price) available pursuant to Article 5.20 to pay for the "defective work not remedied" by the contractor.

76. The City has sustained loss and will sustain further loss in an amount to be proven at trial as a result of the release of the retainage in that the City has incurred and will incur in the future out-of-pocket costs to repair the failed corrosive coating protection work on the pilings.

77. Hurlen/ACC has failed and refused to hold the City harmless for the loss that the City as obligee has and will sustain by reason of release of retainage.

78. Safeco is liable to the City in an amount up to the penal sum of Safeco's Release of Retainage Bond for the City's costs to repair defective and incomplete work.

79. The City has demanded Safeco's performance of its promise under the Retainage Bond, and Safeco has failed to perform.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 13 of 15

P001666

[13126-1654-000000/AA043020.018]

DEC-29-2004  13:55         9072763108    EXHIBIT 17        97%              P.16
                                         PAGE 13 OF 15

WHEREFORE, The City of Homer prays for relief as follows:

1. For judgment in favor of the City of Homer against MRC Holdings, Inc. on the City of Homer's claims in the amount of damages to be proven at trial.

2. For judgment in favor of the City of Homer against Safeco Insurance Company of America, Inc. on the City of Homer's claims in the amount of damages to be proven at trial.

3. For judgment in favor of the City of Homer against American Civil Constructors West Coast, Inc. on the City of Homer's claims in the amount of damages to be proven at trial.

4. For an award of interest, costs and attorneys' fees.

DATED at Anchorage, Alaska, this 17th day of December, 2004.

PERKINS COIE LLP
Attorneys for the City of Homer

By _Jeremy Meacham for_
Michael E. Kreger
Alaska Bar No. 8311170

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 14 of 15

P001667

[13126-1654-000000/AA043020.018]

DEC-29-2004  13:56          9072763108     EXHIBIT 17     97%          P.17
                                           PAGE 14 OF 15

I hereby certify that I have served by (mail)/fax/hand a true and correct copy of the foregoing on Thomas Krider, Oles Morrison Rinker & Baker, LLP, 701 Pike Street, Suite 1700, Seattle, Washington 98101 (fax: 206-682-6234), David Schmid, 500 L Street, Suite 503, Anchorage, Alaska 99501 (fax: 907-278-1812), Michael C. Geraghty, DeLisio Moran Geraghty & Zobel, 943 West 6th Avenue, Anchorage, Alaska 9950-02033 (fax: 907-276-4231), and John Spencer Stewart, Stewart Sokol & Gray, LLC, 2300 SW First Avenue, Suite 200, Portland, Oregon 97201-5047 (fax: 503-419-0281) this 17th day of December, 2004.

Joanne Kearse

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER AND AMENDED COUNTERCLAIM
MRC Holdings, et al. v. City of Homer, et al.
3AN-03-9770 CIVIL
Page 15 of 15

P001668

[13126-1654/AA043020.018]

DEC-29-2004   13:56   9072763108   EXHIBIT 17 PAGE 15 OF 15   97%   P.18