**ST PAUL TRAVELERS**

DEVENEY TOTTEN
Sr. Technical Specialist
Construction Defect
215 Lennon Lane
Walnut Creek, CA 94598
(925) 945-4336
(925) 945-4216 (fax)
Deveney.B.Totten@travelers.com

May 27, 2005

CERTIFIED MAIL RETURN RECEIPT REQUESTED

Hurlen Construction Company
P.O. Box 80945
Seattle, WA 98108

Mr. Scott McKellar
Hurlen Construction Company
119 Water Street
Chelan, WA 98816

Re:  Insured:    Hurlen Construction Company
     Claimant:   MRC Holdings Inc.
     Claim No:   594 ER B5W2606 E
     Policy Nos: DT-CO 348K1567-TIA-00 (06/01/00-06/01/01)
                 DT-CO 348K1567-TIA-01 (06/01/01-06/01/02)
                 DT-CO 348K1567-TIA-02 (06/01/02-06/07/02)

Dear Mr. McKellar:

This will respond to your tender of defense and indemnity under the above captioned policies. You have tendered a counterclaim filed by the City of Homer against MRC Holdings, Inc. related to the construction of the Kachemak Bay multipurpose ocean dock. The case is captioned <u>MRC Holdings, et al v. City of Homer, et al</u>, Superior Court for the State of Alaska no. 3AN-03-9770. We have reviewed the pleadings forwarded to our attention, as well as the materials sent for our review, and wish to

TRAVELERS **200007**

ACC/Hurlen v. Zurich & Travelers


EXHIBIT 23
PAGE 1 OF 12

May 27, 2005
Page 2

advise you that the Travelers Indemnity Company of America (hereinafter "St. Paul Travelers") must regrettably decline your tender of defense and indemnity.

St. Paul Travelers first received tender of this claim on March 7, 2005. The tender included a copy of the "Answer and Second Amended Counterclaim by the City of Homer." As part of its investigation, St. Paul Travelers has reviewed a box of documents forwarded by the Oles Morrison firm along with additional pleadings. The Second Amended Counterclaim alleges breach of contract against "MRC Holdings, Inc., formerly known as Hurlen Construction Company" at paragraphs 48-52. Specifically, the counterclaim alleges that Hurlen breached its contractual obligations with the City of Homer because (a) Hurlen failed to properly perform corrosive coating protection work on the pilings supporting the dock; and (b) Hurlen failed to complete the punch list under the construction contract. As a result, Hurlen is alleged to have breached its construction contract with the City of Homer and "the City of Homer has and will be damaged by the cost to correct and complete Hurlen's work and/or by the failure of Hurlen to provide a dock free from corrosion for the expected lifecycle of the project."

In response to this tender, St. Paul Travelers has asked for clarification regarding the relationship between "MRC Holdings, Inc." and Hurlen Construction Company. "MRC Holdings, Inc." is not a named insured under the St. Paul Travelers policies. A copy of the Asset Purchase Agreement was not shared with St. Paul Travelers. From the information made available to us, however, it appears that "substantially all of the

TRAVELERS  **200008**

ACC/Hurlen v. Zurich & Travelers

EXHIBIT 23
PAGE 2 OF 12

May 27, 2005
Page 3

assets" of Hurlen Construction Company were sold to ACC West Coast Inc. on or around June 1, 2002. As part of this agreement, Hurlen transferred "all right, title and interest in and to the name Hurlen Construction Company" to ACC West Coast, Inc., necessitating a change in the name of the corporation. We understand that the name of the corporation was later changed to "MRC Holdings, Inc." as of June 7, 2002. Contemporaneous with this, we understand that MRC Holdings, Inc. and Hurlen Construction Company became named insureds under the Zurich American Insurance Company policy GLO 3495305-1 (effective 7/01/01 to 7/01/02). Although Hurlen Construction Company is an insured under the St. Paul Travelers policies, it is unclear whether MRC Holdings, Inc. would qualify as an insured under these policies. Whether or not MRC Holdings, Inc. is a named insured under the St. Paul Travelers' policies, however, there is no coverage for the claims asserted by the City of Homer in the Second Amended Counterclaim as set forth more fully below.

The above referenced St. Paul Travelers' policies provide the following with respect to coverage:

> Coverage A. Bodily Injury and Property Damage Liability.
>
> 1. Insuring Agreement.
>
> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured

May 27, 2005
Page 4

against "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . . .

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    the "bodily injury" or "property damage" occurs during the policy period;

(3)    prior the policy period, no insured listed under Paragraph 1 of Section II – who is an insured and no "employee" authorized by either to give or receive notice of an "occurrence" or "claim", knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1 of Section II – who is an insured or other "employee" authorized by you to give or receive notice of "occurrence or "claim", includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1 of Section II - who is an insured or any "employee"

EXHIBIT 23
PAGE 4 OF 12

TRAVELERS **200010**

ACC/Hurlen v. Zurich & Travelers

May 27, 2005
Page 5

> authorized by you to give or receive notice of an "occurrence" or "claim":
>
> (1)  reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
>
> (2)  receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
>
> (3)  becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
>
> . . . .

The St. Paul Travelers' policies provide the following definitions:

> 12.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> . . . .
>
> 15.  "Property damage" means:
>
> (a)  physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> (b)  loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

The City of Homer's counterclaim against "MRC Holdings, Inc., formerly known as Hurlen" is for breach of contract related to the failure of Hurlen to properly perform corrosive coating protection work on the pilings supporting the dock. Based on the materials forwarded for review as part of St. Paul Travelers' investigation it appears that Hurlen knew of improperly coated pilings received from Theriault Industries Inc.

May 27, 2005
Page 6

by September 2001. By May 16, 2002, Dunken &-Bush, Inc. had submitted to Hurlen Construction Company a "field coating repair plan" for damaged coating areas on the pilings.

Because this damage to the pilings was known to Hurlen during the effective dates of the St. Paul Travelers policy in effect 6/01/01 to 6/01/02, there is no coverage under the St. Paul Travelers' policy in effect from 6/01/02 – 6/07/02. Such property damage occurred prior to the effective dates of the last St. Paul Travelers policy, and was "known" by Hurlen during that time. Such damage, therefore, does not fall within the insuring agreement of the last Travelers' policy. In addition, that policy contains Exclusion "a." for "Expected or Intended Injury" as follows:

> This insurance does not apply to:
>
> a. "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured
>
> . . . .

Therefore, to the extent the alleged damage somehow fell within the insurance agreement of the St. Paul Travelers policies, which St. Paul Travelers disputes, it would nonetheless be excluded under exclusion "a." contained in the latest policy.

Accordingly, there is no coverage under policy number DT-CO 348K1567-TIA-02 (effective 06/01/02-06/07/02).

TRAVELERS **200012**

EXHIBIT 23
PAGE 6 OF 12

ACC/Hurlen v. Zurich & Travelers

May 27, 2005
Page 7

There is also no coverage with respect to the St. Paul Travelers' policy DT-CO 348K1567-TIA-00 (effective 06/01/00-06/01/01). The City of Homer counterclaim alleges damage because of improperly performed corrosive coating protection work on the pilings supporting the dock. Based on the materials submitted for our review, no pilings were delivered for installation at the Kachemak Bay Multipurpose Ocean Dock site until after expiration of this policy. Because there was no "property damage" which occurred during the effective dates of this St. Paul Travelers policy, there is no potential for coverage under policy no. DT-CO-348K1567-TIA-00, in effect 06/01/00-06/01/01. Accordingly, there can be no duty to defend or indemnify MRC Holdings, Inc. or Hurlen Construction Company under this policy for the allegations in the City of Homer counterclaim.

Turning to the St. Paul Travelers policy number DT-CO 348K1567-TIA-01 (effective 06/01/01-06/01/02), the City of Homer counterclaim is silent with respect to the time when "property damage" to the pilings first occurred because of the defective coating protection work. However, as indicated above, the file materials sent for our review indicate that Hurlen knew of such damage to the pilings by October of 2001. The counterclaim allegations, together with the file materials, potentially bring the claimed damage within the insuring agreement of this policy.

Based on the allegations of the counterclaim, however, the damages claimed by the City of Homer are nevertheless excluded under the exclusions "j." and/or "h.(6)" of the policies. In this regard, each of the St. Paul Travelers policies provides:

May 27, 2005
Page 8

    (2)    Exclusions.

This insurance does not apply to:

. . . .

    h.    Damage to Property

"Property damage to:

. . . .

    (6)    That particular part of any property:

        (a)    On which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

        (b)    That must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . . .

Paragraph (b)(b) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

. . . .

    j.    Damage to Your Work.

"Property Damage" to "your work" arising out of it or any part of it and included in the "products – completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damages arises was performed on your behalf by a subcontractor.

The policy provides the following pertinent definitions:

    14.    "Products-completed operations hazard".

EXHIBIT 23
PAGE 8 OF 12

TRAVELERS 200014

ACC/Hurlen v. Zurich & Travelers

May 27, 2005
Page 9

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not been completed or abandoned. However, "your work" will be deemed complete at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.    Does not include "bodily injury" and "property damage" arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

TRAVELERS **200015**

ACC/Hurlen v. Zurich & Travelers

EXHIBIT 23
PAGE 9 OF 12

May 27, 2005
Page 10

      (3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

. . .

20.   "Your work" means:

    a.    Work or operations performed by you or on your behalf; and

    b.    Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    b.    The providing or failure to provide warnings or instructions.

The City of Homer's counterclaim for breach of contract against "MRC Holdings, Inc., formerly known as Hurlen Construction Company", alleges damage to pilings supporting the dock, and specifically corrosion occurring to improperly coated pilings. To the extent this falls within the "products-completed operations hazard," because of "property damage" to work completed by Hurlen, this alleged damage is excluded by the "your work" exclusion (exclusion "j.") in the policies. Damage excluded by exclusion "j." specifically includes property damage to "materials, parts or equipment furnished in connection with such work or operations." Because the damage is limited to the pilings which were supplied as part of the construction contract between the

TRAVELERS 200016

*ACC/Hurlen v. Zurich & Travelers*

EXHIBIT 23
PAGE 10 OF 12

May 27, 2005
Page 11

City of Homer and Hurlen Construction Company, there is no coverage under the St. Paul Travelers policies.

Alternatively, if the damage to the pilings claimed by the City of Homer is not within the "products-completed operations hazard" because Hurlen's "work" has not yet been completed, exclusion "j.(6)" applies. Exclusion j.(6) excludes "property damage" ...to that particular part of any property...[a] on which [Hurlen] or any contractor or subcontractor working directly or indirectly on [Hurlen's] behalf are performing operations, if the property damage arises out of those operations or [b] that must be restored, repaired, or replaced because "your work" was incorrectly performed on it."

The counterclaim also alleges that "Hurlen failed to complete the punch list under the construction contract." In order for there to be coverage under the St. Paul Travelers' policy, there must be "bodily injury" or "property damage" during the policy period caused by an "occurrence". To the extent Hurlen failed to complete the punch list required under the construction contract, there has been no "property damage" or "occurrence" during the policy period, and there is no coverage for that claim.

For the reasons set forth above, St. Paul Travelers must regrettably deny your tender of defense and indemnity of this claim. St. Paul Travelers' declination of coverage is presently limited to those bases set forth above. To the extent not set forth above, St. Paul Travelers reserves any and all rights and defenses available under the terms of the insurance policies and applicable law. The policies contain other provisions for

May 27, 2005
Page 12

limiting or precluding coverage which could become relevant for reasons not now foreseen or because of the discovery of facts not currently known to St. Paul Travelers, and St. Paul Travelers reserves the right to supplement the basis for this declination regarding this matter.

Should you have any questions concerning this letter, or if I can be of further assistance, please do not hesitate to call.

                    Very truly yours,

                    Deveney B. Totten
                    Sr. Technical Specialist
                    The Travelers Indemnity Company of America

cc: Ray Fritzinger
    Willis North America
    11201 N. Tatum Blvd.
    Phoenix, AZ. 85028



TRAVELERS 200018

ACC/Hurlen v. Zurich & Travelers

EXHIBIT 23
PAGE 12 OF 12