William M. Bankston, Arbitrator
Bankston Gronning O'Hara, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907-276-1711 tel.
907-279-5358 fax
Ak Bar No. 7111024
wbankston@bankston.to



RECEIVED
JAN 31 2007
DELANEY WILES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY,<br><br>Plaintiffs,<br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY CO. OF AMERICA,<br><br>Defendants. | Arbitrator William M. Bankston<br><br><br><br>**ARBITRATOR'S ORDER NO. 4** |

MRC Holdings, Inc. f/k/a Hurlen Construction Company (Hurlen) filed a motion for partial summary judgment. Travelers Indemnity Company of America (Travelers) opposed Hurlen's motion and filed a cross motion for summary judgment.

The Arbitrator, having read the submissions of the parties, the exhibits, and considered the arguments of the parties, enters the following order:

This arbitration proceeding will be governed by the Court's June 9, 2006 Order. The Court's Order states:

> . . . the arbitrator shall resolve the 'disputed defense costs' described as 'Reserved Claims' in the Partial Settlement Agreement, and defined as 'claims against the Carriers for payment of the defense costs related to

ARBITRATOR'S ORDER NO. 4
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 4
Page 1 of 4

EXHIBIT 3
Page 1 of 4

> the Homer claim ... through the date of settlement with the City of Homer, whether based on an alleged breach of the duty to defend or improper allocation of costs between covered and non-covered claims.

The Court's Order incorporates the disputed defense costs and Reserve Claims which are set forth in the Partial Settlement Agreement. Therefore, in addition to the Court's Order, the Arbitrator must look to the Partial Settlement Agreement.

The Partial Settlement Agreement provides:

> Provided, however, that claims against the Carriers for payment of the defense costs related to the Homer claim (including costs incurred by the Insureds in Safeco's third party action) through the date of settlement with the City of Homer, whether based on an alleged breach of the duty to defend or improper allocation of costs between covered and non-covered claims shall be reserved by the Insureds (the "Reserved Claims").

The Partial Settlement Agreement defines what is not included in the Reserved Claims, which include "... any claims for bad faith or extra contractual damages...." The Partial Settlement Agreement provides: "The parties agree that the Carriers reserve all factual, legal, contractual, policy, and/or statutory defenses to all issues relating or pertaining to the Reserved Claims." The Partial Settlement Agreement states at 4(c): "... the Carriers and Insureds shall confer on that date as to an arbitration in accordance with AS 21.89.100."

The Arbitrator, when reading the Court's Order and the Partial Settlement Agreement, in conjunction with the briefing filed by the parties, concludes the following:

1. Hurlen bears the burden of proof and will present evidence concerning the defense costs and the reasonableness of the attorney's fees related to the Homer claim (including costs incurred by Hurlen in Safeco's third party action) whether based on an alleged breach of the duty to defend or improper allocation of costs.[1] Hurlen will be allowed to put on any relevant evidence to establish the reasonableness of the disputed defense

---

[1] There is some discussion about whether MRC or Hurlen has paid those fees. Again, that is a matter for determination at the hearing.

ARBITRATOR'S ORDER NO. 4
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 4                                                                                      Page 2 of 4

EXHIBIT 3
Page 2 of 4

costs. Inherent in the reasonableness of the defense costs are the experience of the attorneys performing the work, the reasonableness of the hourly rates of the attorneys, and the reasonableness of the amount of time spent in relation to the issues in this litigation. Case law cited by the parties sets forth the issues of attorney's fees incurred must be in good faith and must be reasonable. The area of good faith and reasonableness in both the hourly rate as well as the amount of time spent will be considered by the Arbitrator. Inherent in any such decision is the complexity of the matter which is being resolved, the discovery involved, the conduct of the parties in conducting vexatious litigation or abuse of discovery, whether any settlement offers were made, and whether they were accepted.

2.  Hurlen argues that AS 21.89.100(d) is not relevant to this proceeding. AS 21.89.100(d) establishes limitations on the attorney's fees which an insurer is obligated to pay independent counsel selected by the insured. The facts are undisputed that Travelers did not pay any defense costs to the attorneys selected by Hurlen. Travelers requests that Hurlen's recovery be governed by AS 21.89.100(d). Travelers' request is denied. The Court's Order states that the arbitration is limited to the terms of the Partial Settlement Agreement. The terms of the Partial Settlement Agreement, in the Arbitrator's view, are that: "The parties agree that the Carriers reserve all factual, legal, contractual, policy, and/or statutory defenses to all issues relating or pertaining to the Reserved Claims." Hence, Travelers is free to make any relevant argument which it desires related to the factual, legal and contractual policy and/or statutory defenses to the amount of attorney's fees and costs. The reference at paragraph 4(c) of the Partial Settlement Agreement is that the arbitration is in accordance with AS 21.89.100. This statute allows Travelers to make the argument set forth in AS 21.89.100(d). Travelers can argue that the intent of AS 21.89.100(d) should apply to this case based upon what Travelers considers to be the hourly rate that it normally pays, the experience of attorneys which Travelers would normally require for this defense, and the reasonableness of the attorney's fees.

ARBITRATOR'S ORDER NO. 4
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 4
Page 3 of 4

EXHIBIT 3
Page 3 of 4

3. The Arbitrator denies any request by Hurlen that its motion establishes the reasonableness of Oles Morrison's attorney's fees, whether Oles Morrison's attorney's fees were necessarily incurred, and whether the attorney's fees are relevant to the issues upon which the arbitrator will rule.

4. Hurlen will present its case-in-chief. Travelers will present its defense. Hurlen may present any rebuttal. The Arbitrator will determine at the hearing whether Travelers will be entitled to any surrebuttal.

DATED: January 31, 2007

_____
William M. Bankston, Arbitrator

I HEREBY CERTIFY that a true and correct copy of the foregoing (typed in Times New Roman 13) was emailed and mailed to the following attorneys on the 31st day of January, 2007:

Brooks W. Chandler, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue
Anchorage, Alaska 99501

David W. Pease, Esq.
Burr, Pease & Kurtz, P.C.
810 N Street
Anchorage, Alaska 99501

Clay A. Young, Esq.
Delaney Wiles Hayes Gerety Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501

_____
Charlene Vozar

EXHIBIT 3
Page 4 of 4

ARBITRATOR'S ORDER NO. 4
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 4                                                        Page 4 of 4