William M. Bankston, Arbitrator
Bankston Gronning O'Hara, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907-276-1711 tel.
907-279-5358 fax
Ak Bar No. 7111024
wbankston@bankston.to

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AMERICAN CIVIL CONSTRUCTORS WEST COAST, INC. and MRC HOLDINGS, INC. f/k/a HURLEN CONSTRUCTION COMPANY,<br><br>Plaintiffs,<br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and TRAVELERS INDEMNITY CO. OF AMERICA,<br><br>Defendants. | Arbitrator William M. Bankston<br><br><br><br>**ARBITRATOR'S ORDER NO. 5** |

MRC Holdings, Inc. f/k/a Hurlen Construction Company (Hurlen) and American Civil Constructors West Coast, Inc. (ACC) filed a motion for partial summary judgment against Travelers Indemnity Company of America (Travelers). The motion for partial summary judgment requested the Arbitrator to rule summarily that ACC's payment of defense costs incurred in defending claims asserted against Hurlen by the City of Homer did not release Travelers of its duty to pay for Hurlen's defense as a matter of law. Travelers opposed the motion for partial summary judgment.

As a preliminary matter, Travelers objects to the Arbitrator entering summary judgment based upon the use of the language "summary disposition" in AS 09.43.420(b).

ARBITRATOR'S ORDER NO. 5
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 5                                                                                                    Page 1 of 3

EXHIBIT 4
Page 1 of 3

Although an argument can be made that summary disposition is different from summary judgment, both Hurlen and Travelers have previously filed motions for summary judgment. Travelers cannot now object to a procedure it asked the Arbitrator to impose on Hurlen. Hurlen makes the suggestion that under the broad powers of arbitration in AS 21.89.100(d), the Arbitrator has the authority to decide such an issue. The Arbitrator has already ruled that the Arbitrator does not possess the broad powers of arbitration normally afforded for arbitration in Alaska.[1] However, it is the Arbitrator's interpretation that summary disposition may include a partial ruling based upon the documents, briefs and affidavits that the parties have filed in this case for this motion and the prior motions.

The Arbitrator, having read the submissions of the parties, the exhibits, and considered the arguments of the parties, enters the following order.

The Arbitrator declines to grant partial summary judgment to Hurlen and ACC. The reasons for the Arbitrator declining to rule are:

(1) The Arbitrator concludes that it is beyond the court's order appointing the Arbitrator to make a determination, as a matter of law, whether Travelers has an obligation to reimburse defense costs paid by ACC to defend Travelers' insured, Hurlen. The legal obligation of Travelers to be reimburse any costs is part of Travelers' argument that it has no duty to defend. In the Arbitrator's view, this issue is reserved for the court.

(2) There appears to be a factual issue raised by Travelers as to whether ACC had in fact had a legal obligation to pay these fees. From the exhibits filed by Travelers, the Arbitrator concludes that a material issue of fact exists concerning ACC's undertaking to pay the fees.

The Arbitrator understands that ACC has paid fees to Oles Morrison. This payment is not in dispute. It is also not in dispute that there are additional fees which are owed Oles Morrison which have not been paid by ACC or by Hurlen.

---

[1] *See* Arbitrator's Order No. 2 at pp.2-3.
ARBITRATOR'S ORDER NO. 5
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 5
Page 2 of 3

EXHIBIT 4
Page 2 of 3

The parties will proceed to a hearing in this matter.

DATED:   March 19, 2007

_____
William M. Bankston, Arbitrator

I HEREBY CERTIFY that a true and correct copy of the
foregoing (typed in Times New Roman 13) was emailed and mailed
to the following attorneys on the 19th day of March, 2007:

Brooks W. Chandler, Esq.                David W. Pease, Esq.
Boyd, Chandler & Falconer, LLP          Burr, Pease & Kurtz, P.C.
911 W. 8th Avenue                       810 N Street
Anchorage, Alaska 99501                 Anchorage, Alaska 99501

Clay A. Young, Esq.
Delaney Wiles Hayes Gerety Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501

_____
Charlene Vozar

EXHIBIT 4
Page 3 of 3

ARBITRATOR'S ORDER NO. 5
*American Civil Constructors, et.al. v. Zurich American Insurance, et.al.*, Case No. A05-153 CV (JWS)
M3792\22\ORDER 5                                                    Page 3 of 3